Chief Justice Robertson
delivered the Opinion of the Court.
This writ of error brings up for revision a judgment rendered against Richard R. Lee, in an action of as-sumpsit, prosecuted by him against the Trustees of the Town of Flemingsburg, for two hundred dollars, claimed by him for apprehending a felon, who had been guilty of homicide in that town, and for whose apprehension the Trustees thereof had, as alleged in the declaration, offered a reward of two hundred dollars.
Whether the Trustees could bind their corporate funds by any such contract as that described in this case, would be an important and interesting question. But that question will not now be considered, because they may, perhaps, be personally liable, if they made the contract, and had not authority to make it as Trustees of Flemingsburg, (13 Massachusetts Reports, 406,) and in such event their being sued as Trustees, might be considered as descriptio personarum merely.
If the Trustees could have bound themselves, as Trustees, by the contract now sued on, they might be liable upon an implied assumpsit arising from a recognized agency of one of their corporate body, or of any other organ of their will, even though the agency, or the recognition of it, had not been proved by the corporate *29 seal, or by any registered act expressly creating the agent, or directly and explicitly recognizing his acts. Angel on Corp. 157. Bank U. S. vs. Dandridge, 12th Wheaton.
In an action to re for^prehendbg a felon, the plain n,fd ^rTue.Thlt’ in consideration fered! he^ursued and apprehended the person designated — which could not'be unless he knew that the reward was offered.
A judg’t on a de-may^bar another action, “Xunstonceof the plaintiff, for Judiceuhoughha did commit the first fault,) and the case will be remanded with leave to amend.
But, in such a- case, the law would not imply an as-sumpsit upon slight evidence of agency, or of a recognition of it by the Trustees. We are therefore of the opinion that the printed publication, offering a reward of two hundred dollars by the Trustees, for the apprehension of the fugitive manslayer, and which purported to have been made by their agent fas to the recognition • v o \ o of whose authority thus to act there was some evidence,) was admissible for the plaintiff, on the trial of the general issue in this case. And therefore, in our opinion, the Circuit Judge erred in excluding it from the jury.
But there was no error in refusing to give the instruction which was proposed by the plaintiff; because he had not — as that instruction assumed — a legal right to recover, unless he had shown that, in consequence of the offer of a reward by the Trustees, he had pursued and apprehended the felon. Unless such had been the consideration of his services, there was no implied con- , . . , , . , . tract that the trustees would pay him any thing; for they were under no obligation to pay him unless they had agreed to do so; and there could have been no such agreement unless he had been a party to it, which could not have been the case unless he Itnew that they had offered a reward, and, in consideration of that offer, he had pursued and apprehended the fugitive. of this kind has been averred. But nothing
For the want of such an allegation, showing a binding agreement, upon a valuable consideration, the declaration itself is radically defective.
Nevertheless, as the judgment, as rendered, might bar another suit upon a better declaration for the same cause of action, and as Lee may possibly have a good cause of action arising from the transaction identified by his declaration, the judgment should not be affirmed, even though he committed the first fault. Violet & Wil *30 liam vs. Stephens, Sel. Cases, 149, and Marshall vs. Peck et al. 1 Dana, 616.
Wherefore, the judgment must be reversed, and the cause remanded for a new trial, if Lee shall elect to amend his declaration, and with instructions to dismiss his suit, if he shall not choose to make the requisite amendment.