the court below would have been authorized, if not directed, to give conflicting instructions to the jury. Rather than give such instructions it would be better to give none, and leave the jury to decide both law and facts.

Perceiving no sufficient reason in the petition for a re-hearing, we are constrained to overrule it.

CASE 6—PETITION—JUNE 10.

## Marking v. Needy & Hatch.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. REWARDS FOR THE APPREHENSION OF OFFENDERS, offered by private individuals, may be enforced. (Lee v. Trustees of Flemingsburg, 7 Dana, 29.)

2. *But such rewards can not be claimed by public officers* whose sworn duty it is to make the arrest.

    *Nor by any person* unless the party arrested was legally liable to be so taken into custody, or unless the person making the arrest acted in good faith, having reasonable grounds for believing that he was but discharging a duty which every good citizen owes the public.

    *Otherwise the arrest will be illegal,* and the contract by which it was brought about *contrary to public policy,* and therefore not enforceable.

    *A party under bail* is constructively in the custody of the law.

3. BAIL CAN NOT AUTHORIZE THE ARREST OF THE ACCUSED BY A THIRD PERSON in any other manner than by his written indorsement on a certified copy of the bail-bond or recognizance, as prescribed in section 82 of the Criminal Code.

4. REWARD CAN NOT BE RECOVERED FOR THE ARREST OF A DEFENDANT WHO WAS UNDER BAIL WHEN SUCH ARREST WAS NOT AUTHORIZED. The parties claiming the reward in such cases must show that they had the written authority of the bail indorsed on a certified copy of the bail-bond or recognizance, or that they had reasonable grounds for believing that the accused was subject to arrest without warrant or other legal process.

Marking v. Needy & Hatch.

MUIR & BIJUR, . . }
GEORGE M. DAVIE, }  . . . . . . . .  For Appellant,

CITED

1 Duvall, 244, Johnson v. Commonwealth.
7 Howard's Practice Reports, 212, *In re* Taylor.
Criminal Code, sections 77, 82, 94.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT

A person guilty of a public offense, and not constructively in custody, may be rightfully arrested and delivered to the proper officers by any citizen without warrant when the offense is a felony, or by a peace officer when the offense is committed in his presence, or when he has reasonable grounds for believing that the person has committed a felony. (Criminal Code, secs. 33 and 34.)

And if in such cases private individuals choose to encourage the arrest of offenders by making offers of rewards for their apprehension, either directly to particular persons or publicly and notoriously to the community at large, and their offers are accepted and acted upon, and the arrests actually made, the payment of the rewards will be enforced. (Lee v. Trustees of Flemingsburg, 7 Dana, 29.)

In such cases, however, the reward can not be claimed by public officers whose sworn duty it is to make the arrest, nor by any person unless it shall turn out that the party arrested was legally liable to be so taken into custody, or unless the person making the arrest acted in good faith, having reasonable grounds for believing that he was but discharging a duty which every good citizen owes to the public; otherwise the arrest will be illegal, and the contract by which it is brought about contrary to public policy and therefore not enforceable.

In this case Weitzleman, the person arrested, was charged with a mere misdemeanor, and was at the time constructively in the custody of the law, he having been previously arrested and admitted to bail.

Marking v. Needy & Hatch.

It does not appear that his bond had been forfeited, nor that an order for his re-arrest had been made by the court having jurisdiction of the offense charged, nor that he had done any act that would authorize said court to make such order. He was therefore as much entitled to the undisturbed enjoyment of his liberty as any other citizen. It is true it was within the power of his bondsman, Marking, to surrender him into custody; but before he could make such surrender it was necessary that he should obtain a certified copy of the bail-bond or recognizance, and he could not authorize any third person to arrest the accused in any other manner than by his written indorsement on such copy. (Criminal Code, sec. 82.) The evidence in the case does not show that the appellees had any such authority, nor that they had reasonable grounds for believing that Weitzleman was subject to arrest without warrant or other legal process.

Yet the only instruction given in the case is to the effect that Marking was liable to them for the amount of the reward offered, or alleged to have been, whether the arrest was legal or illegal, and even though the appellees may have known at the time that they were acting in violation of law.

The first, fifth, and sixth instructions asked for by appellant are clearly right and should have been given.

For the errors indicated the judgment is reversed, and the cause remanded for a new trial upon principles consistent with this opinion.