CASE 7—INDICTMENT—JUNE 28.

# Harris v. Beaven, &c.

APPEAL FROM MARION CIRCUIT COURT.

1. COMMONWEALTH'S ATTORNEYS CAN NOT BECOME PRIVATE PROSE-
CUTORS.—It was not intended by section 8 of chapter 42 of the Revised Statutes that a commonwealth's attorney should be permitted to enter himself as prosecutor on indictments under sections 6 and 7 of that chapter, and entitle himself to one half the fine recovered. He was bound, independently of that statute, to do all that he could reasonably and fairly to secure a conviction for the salary and perquisites given him, and could not as prosecutor come under new obligations to the state.

2. An order of court directing that fifty per cent of such fine be indorsed for the benefit of the commonwealth's attorney is not a judicial determination of his right to receive it, the state being unrepresented and not in court to resist it.

3. SECOND JUDGMENT FOR THE SAME LIABILITY IS ERRONEOUS.—In dissolving a temporary injunction against the collection of a judgment the circuit court erred by rendering a second judgment for part of the first which was sought to be enjoined.

HARRISON & KNOTT, · . . . . . . . For Appellant,

CITED

Revised Statutes, 1 Stanton, p. 565, sec. 8.

P. B. THOMPSON, JR., . . . . . . . . . For Appellees,

CITED

Revised Statutes, 1 Stan. 563, 564, 565, 567, 526, 374.
Civil Code, sections 573, 579.     Hardin's Rep. 513.
Revised Statutes, 1 Stanton, p. 188; sec. 1.
1 Morehead & Burn's Digest, p. 531, sec. 38; *Ib.* 542.
1 Bibb, 355, Commonwealth v. Hutchinson.
2 Bibb, 210, Allen v. Commonwealth.
5 Littell, 292, Womack v. Hughes.
3 Dana, 475, Commonwealth v. Gore.
7 Bacon's Abr. "Pardon," p. 418, "H."; *Ib.* "Office."
2 Hawkins's Pleas of the Crown, p. 543, sec. 34, p. 549, sec. 54.
5 Comyn's Digest, "Pardon," F., pp. 244, 245.
4 Wall. 380, *Ex parte* Garland.
5 Abbott's Nat. Digest, title Pardon, sec. 4, p. 336.
8 Bush, 22, Marking v. Needy & Hatch.
2 Bouvier's Law Dictionary, "Reward."
1 Chitty's Criminal Law, pp. 1, 3, 4.
6 Blatchford, 421, U. S. v. Chassell.
10 Johns. 232, Matter of Dening.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellant was convicted in the Marion Circuit Court of the offense of permitting a faro bank to be set up in a house in his occupation and under his control, and was adjudged to pay a fine of five hundred dollars. The appellee, Phil. B. Thompson, jr., was commonwealth's attorney for the district of which Marion County composed a part, both at the time when the indictment was found and when the trial was had, and he indorsed at the foot of the indictment these words, viz.: "Phil. B. Thompson, jr., enters as prosecutor in this case."

Following the judgment against the appellant for the fine was the following order: "Ordered that 50 per cent of said fine be indorsed for the benefit of P. B. Thompson, jr., as prosecutor."

After the judgment was rendered and the foregoing order was made, the governor remitted all of said judgment except fees and costs, and the order of remission having been filed with the clerk before a *capias* was issued, he indorsed a copy of the aforesaid order of court on the writ and also noted thereon that a pardon had been filed in his office.

The appellant then paid to the sheriff having in his hands the *capias* the legal costs of the prosecution and one hundred and twenty-five dollars and the sheriff's commission thereon, and brought this suit against Thompson and the sheriff, Beaven, to enjoin any further collection under the writ.

The circuit court, on hearing, dissolved the temporary injunction which had been obtained, and rendered judgment against the appellant for two hundred and fifty dollars, and for twenty-five dollars, being ten per cent on the amount enjoined, and from that judgment this appeal is prosecuted.

The judgment against the appellant for two hundred and fifty dollars is clearly erroneous. No such judgment was sought in the answer, and if it had been there was no legal foundation for it.

There was already one judgment for the fine assessed, and the dissolution of the injunction left it in full force, and, having rendered another judgment in this case, there are now two judgments against the appellant for the same liability.

Whether the injunction was properly dissolved will depend upon the proper construction of a part of section 8 of chapter 42 of the Revised Statutes (2 Stanton, 565), and the effect of the order of court directing fifty per cent of the fine against the appellant to be indorsed for the benefit of Thompson.

The statute referred to provided that "Whoever shall cause

himself to be entered as a prosecutor on any indictment under these sections (*i. e.*, sections 6 and 7 of chapter 42), and stand responsible for the costs, shall be entitled to one half, and the prosecuting attorney shall be entitled to one fourth, but no prosecutor shall be deemed necessary." The prosecution against the appellant was under one of these sections.

Section 1, article 4, chapter 4, Revised Statutes, provided that commonwealth's attorneys should attend each circuit court held in their respective districts, and prosecute all infractions of the criminal and penal laws therein, and discharge all other duties assigned to them by law. For the services thus required these officers were allowed a fixed salary payable out of the treasury, and a certain per cent of all fines and forfeitures in cases in which they prosecuted the pleas of the commonwealth.

Having thus provided what was deemed suitable compensation, did the legislature intend by enacting section 8, chapter 42, *supra*, to enable commonwealth's attorneys, by entering their own names on indictments as prosecutors, to secure to themselves, in addition to the compensation otherwise provided, the compensation given by that section to prosecutors? We think not. The object had in view, no doubt, was to bring private individuals to aid the prosecution by offering as an inducement a part of the fine. It was the duty of the commonwealth's attorney to do all that he could reasonably and fairly to secure the conviction of Harris for the salary and perquisites given him as such, and when he became prosecutor he came under no new obligation to the state in the prosecution of the case, and could not lawfully render any service therein which he was not bound to render before assuming the relation of prosecutor.

It is true he became bound for the costs in case of a failure to convict the defendant, but to secure some one who would be liable for the costs was no part of the inducement to the passage of the law. If this had been the object it would not

VOL. XI.—18

have been enacted that no prosecutor should be deemed neces-
sary. If the object had been to secure indemnity for costs,
the legislature would not have defeated that object by declar-
ing that such indemnity should not be deemed necessary.

The object in view in providing that the prosecutor should
become liable for costs, no doubt, was to prevent unfounded
and vexatious prosecutions from being set on foot by private
prosecutors, and to restrain private persons from becoming
prosecutors as mere matter of speculation without incurring
any risk.

This, we think, is a reasonable and fair construction of the
statute, in view of its language and the presumed object of its
adoption. But if this construction was more doubtful than
we think it is, we should still be inclined to adopt it. As the
legislature has not in terms so declared, we can not conclude
that it intended to enable an officer whose compensation is
provided for by law, and whose duties are prescribed, to secure
to himself further compensation for performing those duties
by adding to his official character that of private prosecutor.

It was said by this court, in Marking v. Needy & Hatch
(8 Bush, 22), that a reward offered for the arrest of one charged
with the commission of a crime could not be claimed by a pub-
lic officer whose sworn duty it was to make the arrest, and, *a
fortiori*, the reward offered by statute to one who becomes a
prosecutor in a case like this under consideration can not be
claimed by a public officer whose sworn duty it is to prosecute
for a compensation provided for him as a prosecuting officer.

It is contended, however, that the order of the court direct-
ing that fifty per cent of the fine be indorsed for the benefit
of Thompson is a judicial determination of his right to receive
it, and that order never having been annulled, set aside, or
reversed, that its correctness can not be collaterally called in
question.

When judgment was entered against Harris for the fine

the right to the proceeds of that judgment vested in the commonwealth. The statute entitled the commonwealth's attorney to thirty per cent of what might be collected on the judgment, and made it the duty of the officer having the money in his hands to pay to the attorney his proportion of it, but the statute did not provide how or from whom one who had entered as prosecutor should be entitled to receive the portion to which it gave him a right.

The rights of the commonwealth were adverse to the rights of one claiming as prosecutor, and it was necessary, before an order of court could divest the right of the state, that there should be opportunity for defense by the commonwealth against the claim asserted by the prosecutor. If a person other than the commonwealth's attorney had made claim as prosecutor to a part of the fine, it may be that an order made when the commonwealth's attorney was in court would have been effectual to vest in the prosecutor a right to the per cent given him by the statute; but when the commonwealth's attorney is the person claiming as prosecutor, the commonwealth is unrepresented and can not be deemed to have been in court for the purpose of litigation, and the order made must be deemed *coram non judice* and void.

. The claim of the appellee, Thompson, can not, therefore, derive any support from the order directing a part of the fine to be indorsed for his benefit, and, as we have already decided, he had no right under the statute to claim as prosecutor.

It results, therefore, that the court erred in dissolving the injunction *in toto,* but as there was no prosecutor entitled as such to a part of the fine, the commonwealth's attorney was entitled to thirty per cent; and as only twenty-five per cent had been collected, the injunction should have been dissolved as to twenty-five dollars, and made perpetual as to the residue.

These views render it unnecessary to decide whether, if any one had entered as prosecutor who would have been otherwise

entitled to claim under the statute, the remission by the governor would have defeated his claim.

Judgment reversed, and cause remanded for a judgment in conformity to this opinion.

TO THE PETITION OF COUNSEL FOR APPELLEES FOR A REHEARING JUDGE COFER DELIVERED THE FOLLOWING RESPONSE OF THE COURT:

Our attention was not called in the argument at the hearing to the act of March 2, 1860 (Myers's Supplement, 434), and it escaped our notice. That act repealed so much of the laws then in force as gave to prosecutors, other than commonwealths' attorneys, any part of a penalty for gaming consequent upon conviction of that offense.

This still left the commonwealth's attorney entitled to receive that portion of fines which was given to him as such, and thereafter no one could, by becoming a prosecutor, entitle himself as such to any part of the fine.

The exception in the act in favor of commonwealths' attorneys was made to prevent it from having the effect, which it might otherwise have had, of depriving them of a right to that portion of such fines to which they were entitled as prosecuting attorneys under the laws then in force, and was not intended to preserve or to give to them the right to receive a portion of the fine as commonwealth's attorney, and another portion as private prosecutor.

The petition for a rehearing is overruled.