JUDGE COFEE
delivered the opinion oe the court.
This suit was brought by citizens and tax-payers of the city of Covington to enjoin the payment of a reward offered by the mayor under authority of a resolution of the city council for the arrest of Smith N. Hawes, city treasurer, who was at the time under indictment in the Criminal Court of Kenton County for forgery, and for embezzlement of the funds of the city, and also to enjoin the city from paying the expenses incurred in procuring the extradition of Hawes from the Dominion of Canada.
No action had been taken by the council at the time of filing the petition looking to the appropriation of money to pay the expenses incurred in Hawes’s extradition, and no action in reference to the payment of the reward for his arrest except the resolution authorizing the mayor to offer it.
But the members of the city council were made parties to the suit, and in effect admitted they intended to make appropriations to pay the reward and the expenses incurred in arresting Hawes and in bringing him back to Kentucky, and we shall treat the case as if the money had already been ordered to be paid.
In the recent case of Henderson v. Covington we had occasion to inquire into the general powers of the governing bodies of municipal corporations to use the corporate funds, and we there held in substance that in the absence of express statutory authority they can only expend the funds of the corporation in the discharge of corporate duties or obligations, or in furtherance of the objects for which the corporation was created.
In its legal aspect the crime with which Hawes was charged was not a crime against the city of Covington any more than *327 the larceny of one’s goods or the forging of his name is an offense against him.
The offense in either case is against the sovereign authority and not against the individual or local community. It is not a part of the duty of a municipal corporation as such to bring to justice offenders against the laws of the state. The individual officers are, in a certain sense, officers of the state as well as of the municipality; the state may require them to perform duties for it, and may authorize its legislature or executive to offer rewards for the apprehension of persons who offended against the laws of the state within the local limits of the municipality, but the power to offer such rewards is not an ordinary corporate power or incident to any such power. It is not a matter in which the local public have an exclusive or peculiar interest as distinguished from the general public. The offender when arrested must be tried under the laws of the state by the judiciary of the state. It is no more or less an offense against the laws of the state because the local public of Covington was pecuniarily injured than if the same injury had been done to one of its citizens or to a bank located within the limits of the city.
Nor can the consideration that the vigorous pursuit by the city of a defaulting city official may tend to deter other officials from like conduct, and in that way incidentally benefit the city, be recognized as sufficient to authorize the reward offered and the expenses incurred in securing Hawes’s return. The question before us is one of power, not of expediency; and however the act in question may have benefited the city, that can not be considered except to the extent that it may tend to prove that the act done was within the scope of corporate authority. It will not do to say that a municipal corporation had power to do an act or to expend the city revenue because the thing done, or to accomplish which the fund was expended, can be shown to tend in some degree to benefit the *328 city. Such a method of ascertaining, the extent of the powers of corporate bodies would expand their authority far beyond legitimate bounds. Such a rule has not been, and can not, be, with safety, adopted. No power can be implied in favor of a corporation which does not pertain to matters of a local character, matters which peculiarly concern the local public, and without which those local affairs committed by the state to the corporation can not be properly attended to. It has accordingly been held that a town can not expend money except for the objects expressed in its charter, or for purposes necessarily connected with those objects. (Bangs v. Snow, 1 Mass. 187; Stetson v. Kempton, 13 ibid. 271; Gale v. South Berwick, 51 Me. 174.)
In Lee v. Trustees of Flemingsburg, 7 Dana, 28, this court intimated a similar opinion.
There are cases ini which rewards offered by municipal authorities, and not expressly authorized by statute, have been held to be legal and obligatory upon the municipality. (York v. Forscht, 23 Pa. St. 391; Grawshaw v. City of Roxbury, 7 Gray, 374.) These were rewards for detecting incendiaries in the municipality of York, in Pennsylvania, and Roxbury, in Massachusetts.
In the former case the court did not discuss the question of the power to offer the reward, merely remarking “that it is within the legitimate province of the burgesses of boroughs to offer rewards for the detection of offenders against the safety of the inhabitants.” In the latter case the reward was for detecting persons who should thereafter be guilty of the crime of arson within the limits of the city; a simple police measure, as legitimate as the employment of police to guard the inhabitants and their property against violators of law.
But it is claimed that the action of the city council is authorized by section 6 of the charter of the city (Acts 1849-50, p, 243), and the learned chancellor seems to have based *329 his judgment upon that ground. The section referred to reads as follows:
“ The council shall have power to pass all needful by-laws and ordinances for the due and effectual administration of right and justice in said city within the jurisdiction of the mayor’s court, and for the better government thereof. They may legislate upon all subjects which the good government of said city shall require, unless restrained by the terms of the charter or the constitution of this state, notwithstanding the legislature may have enacted laws relating to the same; they may affix such penalties for a violation of such ordinances, not exceeding $50, as they may deem the good order and welfare of the city shall require.” This section relates only to penal ordinances, ordinances relating to the government of the city, and confers no authority to appropriate money for the enforcement of the laws of the commonwealth and in the enforcement of which every other community has in contemplation of law the same interest as the city of Covington.
It is next contended that the remedy by injunction will not lie, because the charter provides that the validity of ordinances shall be tried by writ of prohibition. (Acts 1849-50, 262.)
An order appropriating money out of the city treasury is not an ordinance within the meaning of this provision. The remedy here provided can only be invoked by one against whom a proceeding, under an ordinance, is pending in an inferior court. The writ of prohibition is directed to a judicial tribunal and not to a legislative body such as a city council. (Bouvier’s Law Die., title “ Prohibition.”)
Injunction was the appropriate remedy.
Judgment reversed, and cause remanded with directions to make the injunction perpetual.