The State v. Barron.

No. 9282.

THE STATE v. BARRON.

CRIMINAL LAW.—*Forfeiture of Bail Deposit.*—*Prosecuting Attorney.*— *Docket Fees.*—*Percentage on Forfeited Recognizance.*—A prosecuting attorney is entitled to, and should be allowed, the same docket fee upon the forfeiture of money deposited as bail, as upon a forfeited recognizance, such fee to be paid out of such forfeited money; but he is not entitled to a percentage thereon, unless he has prosecuted to final judgment a suit for the recovery of the forfeited money, and then only to a percentage on the amount collected.

SAME.—*Fees of Clerk and Justice of the Peace.*—A court has no authority to direct the payment of the clerk's fees, or the costs of the justice of the peace by whom a defendant was committed, out of the forfeited money deposited by him as bail.

From the Jackson Circuit Court.

*D.,P. Baldwin,* Attorney General, and *F. L. Prow,* Prosecuting Attorney, for the State.

HOWK, C. J.—It appears from the record of this cause, that prior to the September term, 1880, of the Jackson Circuit Court, the appellee, Elijah Barron, had been arrested and examined before a justice of the peace of Jackson county, on a charge of grand larceny, and, in default of bail in the sum of $500, had been committed by the justice to the county jail. After his commitment to the county jail, the appellee deposited with the clerk of the circuit court the sum of $500 in money, and was discharged from custody. At the September term, 1880, there was no grand jury in session, and the court ordered that said money should remain in the clerk's hands, as security for the appellee's appearance on the first day of its next term, etc. At the November term, 1880, of said court, an indictment was duly found and returned by the grand jury against the appellee, for the same felony. Thereupon, the appellee, having been "three times audibly called," came not but made default; the court ordered that the said sum of $500 be forfeited to the common school fund of this State, and be paid by the

The State v. Barron.

clerk into the county treasury of Jackson county ; to which decision of the court, in ordering the money to be paid into the county treasury, the State, by its prosecuting attorney, at the time excepted.

The State, by its prosecuting attorney, has properly reserved, and presented for the decision of this court, the following questions of law :

1. Was the prosecuting attorney, upon the facts above stated, entitled to the same docket fee upon the forfeiture of said sum of $500, as upon a forfeited recognizance?

2. Upon the facts stated, was the prosecuting attorney entitled by law to a commission of ten per cent. on the amount of said forfeited money?

3. Was the clerk of the circuit court entitled by law to the payment of his fees in this case, out of the forfeited money? and,

4. Was the justice of the peace lawfully entitled to the payment of his fees out of said forfeited money?

In section $23\frac{1}{2}$ of the fee and salary act of March 12th, 1875, it is provided that "The circuit and criminal circuit prosecuting attorney's fees shall be as follows, to wit: * * * Docket fee upon forfeited recognizance - - - - $10.

"And when he prosecutes to final judgment against the defendant, ten (10) per cent. on money collected." 1 R. S. 1876, p. 475.

Under the provisions of this section, it seems to us that the prosecuting attorney was entitled to a docket fee of ten dollars, upon the forfeiture of the money which had been deposited by the appellee, in lieu of bail, with the clerk of the court. Such a deposit of money was expressly authorized by section 40 of the criminal code, in the place of giving bail ; and, in section 47 of the same code, provision is made for the forfeiture of "money deposited as bail," in the same manner and for the same causes that a recognizance of bail might be forfeited. We know of no good reason, therefore,

why the prosecuting attorney is not entitled to, and should not be allowed, the same docket fee, upon the forfeiture of "money deposited as bail," as upon a "forfeited recognizance." In our opinion, the court ought, in this case, to have allowed the prosecuting attorney a docket fee of ten dollars upon the forfeiture of the money, and to have ordered the clerk to pay such docket fee out of the forfeited money.

The next question reserved by the State relates to the right of the prosecuting attorney, upon the facts stated, to a fee of ten per cent. on the money forfeited. It is very clear, we think, from the language of the statute above quoted, that, in this case, the prosecuting attorney was not entitled to a fee of ten per cent. on the forfeited money. He would not be entitled to any such percentage, unless it appeared that he had prosecuted to final judgment a suit for the recovery of the forfeited money; and, even then, he would only be entitled to ten per cent. on the money collected on such judgment. *Ex parte Ford, post,* p. 415. The court committed no error in refusing to allow the prosecuting attorney ten per cent. of the forfeited money, upon the facts shown by the record of this cause.

We know of no law, and the attorneys of the State have referred us to none, which would have authorized the court to direct the payment of the fees and costs either of the clerk or of the justice of the peace in this case, out of the forfeited "money deposited as bail." No error was committed by the court, therefore, as it seems to us, in refusing to order the payment of such fees and costs of such clerk or justice, out of such forfeited money.

The order of the court, therefore, is reversed as to the first question reserved, and the cause is remanded with instructions to allow the prosecuting attorney a docket fee of ten dollars, and to order the payment thereof out of said forfeited money; and as to the second, third and fourth questions reserved, the order is affirmed.