No. 9067.

## Ex Parte Ford, Prosecuting Attorney.

PROSECUTING ATTORNEY.—*Fees on Forfeited Recognizances.*—*Statute Construed.*—*Fees and Salaries.*—Upon an application to the circuit judge, under section 36, acts 1879, p. 142, for a construction of section 23½ of the act in relation to fees and salaries, 1 R. S. 1876, p. 475, on appeal,

*Held*, that a prosecuting attorney is not entitled to the percentage therein provided, on money paid to him on a forfeited recognizance before final judgment thereon. Such percentage is allowed only on money collected on final judgment, in actions prosecuted by him on such recognizances.

From the St. Joseph Circuit Court.

*G. Ford*, for appellant.

WORDEN, J.—The following petition was filed in the court below:

"STATE OF INDIANA,⎰ St. Joseph Circuit Court,
ST. JOSEPH COUNTY.⎱ October Term, 1880.

"Application of George Ford, Prosecuting Attorney, for construction of statute.

"Said prosecuting attorney, by virtue of acts 1879, Special Session, page 142, section 36, now brings before the court, for construction, section 23½ of the act of 1875, 1 R. S. 1876, p. 475, which provides that the prosecuting attorney's fees shall be as follows : 'Docket fee upon forfeited recognizance ten dollars. And when he prosecutes to final judgment against the defendant, ten (10) per cent. on money collected.'

"Said prosecuting attorney says that at the March term, 1880, of said court, a judgment of forfeiture was rendered against one Jesse W. Jennings as principal, and William Miller and Robert Harris as his sureties, on a certain recognizance, for the sum of two thousand and five hundred dollars, before that time entered into by said parties, conditioned for the appearance of said Jesse W. Jennings on the first day of the March term, 1880, of said court, to answer a charge of arson there pending against him by indictment, and to abide the judgment of said court ; that afterwards, to wit, on the 17th day of April, 1880, said Jennings, by his agent, Jesse W. Jennings, Jr., paid to said prosecuting attorney, on said recognizance, the sum of one thousand dollars ; that afterwards, to wit, on the 19th day of April, 1880, a complaint on said recognizance was filed in said court against said Jennings and his sureties therein, and that, at the May term, 1880, of said court, to wit, on June 1st, 1880, judgment was rendered against them for fifteen hundred dollars, the residue thereof remaining unpaid, and which still remains unpaid.

"Said prosecuting attorney now desires the court to construe said statute, and to decide whether he is entitled to retain, of the one thousand dollars collected on said recogni-

zance the sum of one hundred dollars, or ten per cent. thereof, as a fee for making such collection."

The court, upon consideration of the question presented by the petition, decided that the prosecuting attorney was not entitled to a fee of ten per cent. on any sum that might be paid to him on any forfeited recognizance before judgment thereon.

The prosecuting attorney excepted to the decision of the court, and, by assignment of error, has presented the question involved for decision here.

The petition seems to have been authorized by the section of the statute referred to in it, which provides that "Any officer being in doubt of the proper charge to be made for any service rendered, shall in no case charge any constructive fee ; but he shall bring the question before the circuit judge of his county, in writing, and said judge shall decide the same, which decision shall be entered of record, as other orders of court are entered. A note thereof, showing the page of the order book, shall be entered in the list of fees kept in the office of such officer, which order shall authorize such charge to be made as found by the court. For such submission, proceedings and orders the officer shall make no charge, and shall have no fees therefor."

The provision of the statute sought to be construed, 1 R. S. 1876, p. 475, sec. 23½, is as follows :

"The circuit and criminal circuit prosecuting attorney's fees shall be as follows, to wit: * * * Docket fee upon forfeited recognizance  - - - - - - - - - - $10.00

"And when he prosecutes to final judgment against the defendant ten (10) per cent. on money collected."

We are of opinion that the last clause above quoted means, and should be construed as if it had read as follows : "And when he prosecutes to final judgment against the defendant ten per cent. on money collected on such final judgment."

It follows that the prosecuting attorney was not entitled to the percentage on the thousand dollars collected by him, before final judgment on the forfeited recognizance, and that the decision of the court below was right.

The judgment of the court below is affirmed, with costs.