# The State, *ex rel.* Tompkins *v.* Stone.

*Application for Mandamus, by Solicitor against County Treasurer.*

1. *Compensation of solicitor in Mobile, under special statute.*—Under the special statute regulating the expenditures of Mobile county, approved February 11th, 1843 (Sess. Acts 1842–3, p. 77); the second section of which provides, "that the moneys arising from fines and forfeitures shall be subject to a charge of five per cent. on the amount that shall be collected, in favor of the solicitor of the circuit, in consideration of the number of cases in which costs remain uncollected, and in consideration of his services in collecting and paying the same to the county treasurer;" the solicitor can claim compensation, not on the entire amount of fines and forfeitures collected and paid into the treasury, but only on the amount collected and paid in by him.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

On the 29th October, 1881, a petition was filed and presented to the presiding judge of the Mobile circuit (Hon. H. T. TOULMIN), in the name of the State, on the relation of John R. Tompkins, praying a *mandamus* against S. Graham Stone, as county treasurer of Mobile, commanding and requiring him, as such treasurer, to receive, number and register a claim held by the relator, which he insisted was a lawful charge on the fine and forfeiture fund of the county in the hands of said Stone as treasurer. The petition alleged, that the relator was duly elected and qualified as the solicitor of the circuit which included the county of Mobile, and discharged the duties of the office from June, 1877, to December, 1880; that during that period "there was collected and paid, for the use of the Fine and Forfeiture Fund of said county, moneys arising from fines and forfeitures on convictions obtained where petitioner prosecuted in the Criminal Court of said county, a large sum of money, to-wit: the sum of $18,645, and more; for which petitioner claims that he is entitled by law to five per cent., to-wit: the sum of $932.25, against the Fine and Forfeiture Fund of said county, under the provisions of an act of the General Assembly of Alabama, entitled 'An act to regulate the expenditures of the county of Mobile, and for other purposes' (Acts of 1843, pp. 77–8), which

act has never been repealed." The petition alleged, also, that there was no proper officer to whom this claim could be presented, the office of county treasurer in Mobile having been abolished, until the office was again established by the statute approved March 1st, 1881, and S. Graham Stone was appointed and qualified as county treasurer under its provisions; that the claim was presented to the county commissioners on the 14th December, 1880, accompanied with a tabulated statement showing the cases from which the moneys arose, and duly verified by affidavit, and was by them rejected; that the claim was presented in June, 1881, to the said county treasurer, "whose duty it was and is to receive and disburse the said fund, and to number, register, and pay all claims, in the order in which they are presented,—presentation, numbering and registration being a condition precedent to their payment," and that said Stone refused to receive, number, or register the claim. Wherefore, a *mandamus* was prayed, &c.

On the filing of this petition, a rule *nisi* was made and granted by Judge Toulmin; and the defendant appeared, in answer to the rule, and demurred to the petition. One of the causes of demurrer specially assigned was, "that said petition does not allege or show that any of the fines and forfeitures therein mentioned were collected and paid to the county of Mobile, or to the treasurer of said county, by the relator, said John R. Tompkins." The court sustained the demurrer, and, the relator declining to amend, rendered final judgment dismissing the petition at his costs. The judgment on the demurrer is now assigned as error.

C. J. TORREY, and JOHN R. TOMPKINS, for appellant.

WM. G. JONES, *contra.* (No briefs on file.)

BRICKELL, C. J.—The claim of the relator is founded on the second section of an act approved February 11th, 1843, entitled "An act to regulate the expenditures of Mobile county, and for other purposes" (Pamph. Acts 1842–3, p. 77), which reads as follows: "That the moneys arising from fines and forfeitures shall be subject to a charge of five per cent., on the amount that shall be collected, in favor of the solicitor of the circuit to which the county of Mobile may be attached; in consideration of the number of cases in which the costs remain uncollected, and in consideration of his services in collecting and paying the same to the county treasurer." The collection of fines and forfeitures was not an official duty of the solicitor, and authority to collect them was given only to the officers of court in which judgment for them was rendered, whose duty it

[Anderson v. The State.]

was to pay them to the county treasurer.—Clay's Dig. 249, § 10. The act under consideration confers on the solicitor authority to collect fines and forfeitures,—an authority not exclusive, but cumulative to that of the sheriff or clerk,—and compensates him for the services rendered in collecting and paying to the county treasurer. The reason assigned in the act, for conferring the authority and allowing the compensation to the solicitor of the circuit to which the county of Mobile is attached (a special authority, and special compensation, confined to that county), is, " the number of cases in which costs remain uncollected." But the statute limits the compensation, nevertheless, to services rendered in collecting and paying over the fines and forfeitures to the county treasurer. If the service is not rendered, the compensation is not allowed, though fines and forfeitures arise from services rendered by the solicitor in his representation of the State in the courts. For such representation, the statutes provide other compensation, and the mode of its payment.

" The invariable test, by which the right of a party applying for a *mandamus* is determined, is to inquire, first, whether he has a clear, legal right; and if he has, then, secondly, whether there is any other adequate remedy to which he can resort." *Withers v. State*, 36 Ala. 252. The relator does not aver that he collected and paid to the county treasurer any of the fines upon the amount of which he claims the compensation of five per-centum. It is not shown that he has rendered the services the statute compensates. Not showing that he has a legal claim upon the Fine and Forfeiture Fund, the county treasurer properly refused to register the claim presented.

As this conclusion is decisive of the case, we do not deem it necessary to enter on a consideration of the other questions which have been argued by counsel. Let the judgment be affirmed.