*In re* PETITION OF STROH, SHERIFF OF DEKALB COUNTY.

[No. 18,395.    Filed December 16, 1897.]

APPEAL.—*Construction of Fee and Salary Law.—When Appeal Will Not Lie.*—No appeal will lie from an order of the trial court in a proceeding instituted by a county officer, under section 8105, Burns' R. S. 1894, for the construction of a fee and salary law.

From DeKalb Circuit Court. *Appeal dismissed.*

*D. M. Link*, for appellant.

McCABE, J.—The appellant, as sheriff of DeKalb county, filed a petition in the circuit court that he is in doubt as to the proper charge to be made by him in his reports to the board of commissioners relating to the *per diem* allowed to him by the act approved March 11, 1895, for attending court; that said provision gives him the sum of $2.00 *per diem,* to be paid by the county; that in his reports heretofore he has not charged himself with such *per diem,* believing that the provision aforesaid entitles him to such sum; that it is now claimed that he should make such charge to himself. And he respectfully asks the court to decide the question thus presented, and enter such decision upon the records of the court.    The circuit court rendered a written opinion, holding that the $2.00 *per diem* allowed by section 122, on page 354, of said act must be paid into the county treasury, or credited to the county by the sheriff as all other fees, with certain exceptions, not necessary to mention, as the property of the county, and cannot be paid back to the sheriff unless such payment is necessary to make the full amount of $2,300.00, the amount of his annual salary allowed by section 38 of said act.    The sheriff excepted to the opinion of the circuit court, and appeals therefrom to this court and assigns for error that said court erred

in its conclusions of law, and in its construction of the statute covering fees and salaries of county officers.

This proceeding is probably founded on section 8105, Burns' R. S. 1894 (6029, R. S. 1881). That is section 36 of the fee and salary act, approved March 31, 1879. See Acts 1879, p. 130. Assuming without deciding that the section is still in force, we find no provision in said section or any other statute authorizing an appeal from such an order. The provision is that "said judge shall decide the same, which decision shall be entered of record as other orders of court are entered." The code only authorizes an appeal from a final judgment, or such interlocutory orders as are there specified. Sections 644, 658, Burns' R. S. 1894 (632, 646, R. S. 1881).

Our attention has been attracted to three decisions of this court touching the subject. *Ex parte Ford*, 74 Ind. 415; *State* v. *Barron*, 74 Ind. 374; *Board, etc.*, v. *Pressly*, 81 Ind. 361. The first case seems to have been an application, under the section of the act referred to, for a construction of the fee and salary law, and the appeal in that case was entertained without the question of the right of appeal in such cases having been raised, considered, or thought of. The latter case was one which originated by the filing of a claim by the sheriff before the board of commissioners for an allowance for mileage. The board refused to allow a part of the claim, and he appealed to the circuit court, which gave judgment for the whole amount demanded, and the board of commissioners appealed to this court. That case neither directly or indirectly involved the question of the right of appeal from an order entered on such an application under the statute last referred to. It was there said by Woods, J., speaking for the court, that: "Whether such an order can be made without notice to the party concerned and what the effect of the order when made, either

in respect to or beyond the particular service decided upon, we are not called upon to consider. No order of the circuit court or judge is shown to have been asked for or made under this section of the law in reference to the matter in issue. The appellee presented his claim to the board of commissioners, and appealed from the adverse decision to the circuit court. From the decision of that court the board had a clear right as in other cases to appeal to this court."

The second one of the cases was an appeal by the State, through the prosecuting attorney, from a judgment forfeiting money paid to the clerk instead of a recognizance bond, by the defendant. It did not involve the right of appeal from such an order.

Thus, it is made abundantly clear that neither of the last two decisions above referred to touches the right of appeal from an order made on such an application as is here involved.

The other case neither having considered or decided the question, we are left free to express our opinion that no appeal from such an order was ever contemplated or authorized by any statute or law. But in this case there was not even an order made or entered of record. There is nothing but a written opinion delivered, and it was not entered of record, but it is brought into the record in this court by a bill of exceptions. Therefore we are not at liberty to express any opinion as to the correctness of the construction of the statute given by the circuit court, because this appeal is not properly before us. But see *Legler* v. *Paine*, 147 Ind. 181.

The appeal is dismissed.