## BOARD OF COM'RS OF OKFUSKEE COUNTY v. HAZELWOOD et al.

No. 9766—Opinion Filed Sept. 7, 1920.

(Syllabus by the Court.)

1. **Prosecuting Attorneys—Compensation of County Attorney—Percentage of Forfeited Bonds.**

Under section 1557, Rev. Laws 1910, a county attorney is entitled to 25 per cent. of all forfeited bonds and recognizances actually collected by him during his term of office, and where a judgment on a forfeited bond or recognizance is recovered by him on behalf of the state, he is only entitled to 25 per cent. of the amount thereof actually collected by him, and not entitled to an amount equivalent to 25 per cent. of the judgment.

2. **Same—Amount—Effect of Judgment.**

That part of a judgment recovered by a county attorney on a forfeited bond or recognizance directing the clerk of the court to disburse the proceeds of the judgment, when received, so as to pay the county attorney a sum equivalent to 25 per cent. of the entire judgment, is void as to the state and county, it appearing that neither the state nor county consented thereto nor was represented by any attorney or duly authorized agent.

**3. Attorney and Client—Right of Attorney to Share in Judgment—Power of Court to Decree.**

Well-settled principles of public policy forbid courts, in the absence of statutory authority or consent of the attorney's client, to adjudge and decree the attorney a portion of the proceeds of a judgment recovered by the attorney in favor of his client.

**4. Same—Validity of Transactions With Client—Burden of Proof.**

Although the relation of attorney and client does not render the attorney incapable of entering into a transaction or contract with his client, nevertheless the burden of proof is upon the attorney to prove fairness and the best of faith and that the merits of the transaction between him and his client were uninfluenced by the relationship.

**5. Same—Self-Interest of Attorney—Dealing With Subject-Matter of Employment —Consent of Client.**

An attorney has no capacity to deal for himself in the subject-matter of his employment without his client's knowledge and consent.

**6. Same.**

Where an attorney deals in the subject-matter of his employment without the knowledge and consent of his client, the question of good faith or fairness or adequacy of the consideration will not be inquired into. The door is shut to all investigation, on the principle that one cannot serve two masters, where self-interest is involved, and a transaction by an attorney involving the subject-matter of his employment, without the knowledge and consent of his client, is vitiated by the law, irrespective of its merits, fairness, or good faith; and whether it is injurious to the client is immaterial, because the law does not stop to speculate upon the probability that the attorney resisted temptation; the law removes the temptation by proclaiming in advance that the attorney shall not deal for himself with the subject-matter intrusted to him by his client, without the knowledge and consent of his client.

**7. Prosecuting Attorneys—Illegal Compensation—Recovery by County.**

The board of county commissioners may recover from a county attorney and his bondsmen all sums received by the county attorney by virtue of his office in excess of legal fees and compensation.

Error from County Court, Okfuskee County; Ben C. Ballard, Special Judge.

Action by Board of County Commissioners of Okfusgee County to recover from Ex-County Attorney Tom Hazelwood and his bondsmen, $215.65, alleged illegal compensation. Judgment for defendants, and plaintiff brings error. Reversed.

T. S. Hurst, for plaintiff in error.

No attorneys appeared or filed a brief for defendants in error.

RAMSEY, J. J. C. Wright, county attorney of Okfuskee county, obtained a judgment in favor of the state of Oklahoma in the district court on May 22, 1911, against Rudd, for $1,050 on two forfeited appeal bonds, wherein Will Edwards had been convicted in the county court for selling liquor. An appeal from said judgment was prosecuted to this court and W. H. Dill, as surety, executed a supersedeas bond to stay execution on the judgment. The judgment was affirmed by this court on November 11, 1913. Defendant in error Tom Hazelwood was county attorney of Okfuskee county from the first Monday in January, 1913, until January, 1915. During his term of office Hazelwood filed suit against Dill, surety on the supersedeas bond, and recovered a judgment on October 9, 1914, for $1,296.92. The said judgment was rendered in favor of the plaintiff in a case styled "The State of Oklahoma, Plaintiff, v. W. H. Dill, Defendant." The judgment contained the following order, to wit:

"It is further ordered that the clerk of this court disburse the above named sum as follows, to wit: To the treasurer of Okfuskee county for the use and benefit of the public school fund of said county $946.97. To Tom Hazelwood, county attorney, the sum of $315.65. To pay the costs in case No. 587, State of Oklahoma v. J. L. Rudd, in the sum of $34.30, and for costs in this case in the sum of $6.05."

Dill paid to the clerk of the district court the sum of $400 on said judgment, whereupon the clerk paid over to Hazelwood the sum of $315.65, same being 25 per cent. of the judgment. Plaintiff in error contends that Hazelwood was only entitled to 25 per cent. of the $400 collected during his term of office. The balance of the judgment was paid after Hazelwood's term of office expired.

1. Under the provisions of section 1557, Rev. Laws 1910, providing that the county attorney, in addition to his annual salary, "shall receive twenty-five per cent. of all forfeited bonds and recognizances by him collected," Hazlewood was not entitled to 25 per cent. of the judgment. He was only entitled to 25 per cent. of that part of the judgment actually collected by him during his term of office. Section 1557, Rev. Laws 1910, means exactly what it says, and it would be difficult to clarify its language.

"The meaning of the word 'collect,' as given by the lexicographers, is 'to gather, to assemble.' When used with reference to the collection of money, it often implies much

more than the mere act of receiving the money." Hubbell v. Board of Commissioners, 13 N. M. 546, 86 Pac. 430; Purdy v. City of Independence, 75 Iowa, 356, 39 N. W. 641.

The Indiana statute of 1876, prescribing certain fees for prosecuting attorneys, contained this provision: "And when he prosecutes to final judgment against the defendant, ten per cent. on money collected," as additional compensation. In The State v. Barron, 74 Ind. 374, the court held that the prosecuting attorney was not entitled "to any such per cent., unless it appeared that he had prosecuted to final judgment a suit for the recovery of the forfeited money, and, even then, he would only be entitled to ten per cent. on the money collected on said judgment." See, also, Ex parte Ford, 74 Ind. 415; The State ex rel. Attorney General v. Denny, 67 Ind. 148; The State ex rel. v. Stone, 72 Ala. 185; Knox v. The State, 9 Bax. (Tenn.) 202; Power v. Fleming County, 99 Ky. 200, 35 S. W. 541; Adams v. Bristol, 111 N. Y. Supp. 231.

2. Defendants contend that the judgment of the district court in the case against Dill is res judicata because by that judgment the court adjudged that Hazelwood was entitled to $315.65 and directed the clerk to pay him that sum. Neither the state nor county was a party to that part of the judgment directing the clerk to pay over to Hazelwood $315.65. Hazelwood was attorney for the state in that case and as county attorney was the legal representative of the county. His personal interest was adverse to the state and county, and insofar as the judgment awards Hazelwood $315.65, it is not binding on the state or county and not res judicata. Hazelwood was not the plaintiff in the action, and there is nothing in the agreed statement of facts to show that the state or county was represented by any independent counsel. Neither the state nor county had any opportunity to defend against Hazelwood's claim.

Well-settled principles of public policy forbid courts, in the absence of statutory authority or consent of the attorney's client, to adjudge and decree the attorney a portion of the proceeds of the judgment recovered by the attorney for his client. The relation of attorney and client is one of trust and confidence requiring a high degree of fidelity and good faith. Even in transactions between attorney and client the burden of proof is upon the attorney to prove fairness and the best of faith and that the transac-

tion between him and his client was uninfluenced by the relationship. There is no incapacity for dealing with a client, but there is absolute incapacity of an attorney to deal for his own interest in the subject-matter of the litigation without his client's knowledge and consent. Payne v. Beard, 247 Fed. 247; Hansen v. Sjostrom, 260 Fed. 460; Herman v. Hall, 217 Fed. 947; Robertson v. Chapman, 152 U. S. 673, 38 L. Ed. 592. In a transaction by an attorney of this kind, where the client was neither consulted nor represented by himself or an authorized agent, the question of good faith is not inquired into. The door is shut to all investigation. On the principle that a man cannot serve two masters, especially where self-interest is involved, the transaction is vitiated by the law, irrespective of its merits, fairness, or good faith; and whether it is injurious to the client is immaterial. The law does not stop to speculate upon the probabilities that the attorney resisted temptation; it removes the temptation by proclaiming in advance that he shall not deal for himself, without the knowledge and consent of his client, with the subject-matter intrusted to him and involved in his representation as attorney. See Harris v. Beaver, 74 Ky. 254; Michoud v. Girod, 4 How. 503, 11 L. Ed. 1076; Thornton on Attys., secs. 164 and 166; Kimball v. Raney, 80 Am. St. Rep. 548; Cunningham v. Jones, 1 Am. St. Rep. 257.

3. The clerk of the court, in paying over to Hazelwood under the direction of the judgment, $315.65, instead of $100, acted ministerially as the amanuensis of the court. Hirsh v. Twyford, 40 Okla. 220, 139 Pac. 313. But the original wrong was committed by Hazelwood in either procuring the court to make the order directing the clerk to pay him $315.65, or permitting the court to make such order. He had no right to the $215.65, and his acceptance of that amount in excess of the amount due him constituted the collection of illegal fees and compensation by virtue of his office, for which he and his bondsmen are responsible. Hughes et al. v. Board of Commissioners, 50 Okla. 410, 150 Pac. 1029. The judgment of the trial court is reversed, and the cause remanded, with directions to the court to enter judgment on the agreed facts against Hazelwood and his bondsmen, J. L. Sandlin and J. N. Jones.

HARRISON, V. C. J., and KANE, PITCHFORD, JOHNSON, and HIGGINS, JJ., concur.