## PEEVIEHOUSE v. PEEVIEHOUSE.

No. 14963—Opinion Filed Oct. 28, 1924.

1. **Deeds—Cancelation of Deed by Wife to Husband—Burden of Proof.**

In a suit by the wife against the husband to set aside and cancel a deed executed by her to him, while the confidential relation of husband and wife existed between the parties, on the ground of fraud, duress, or failure of consideration, the burden of proof is on the husband to show that the transaction in procuring the deed was in good faith and for a valid consideration, and that the confidential relation of husband and wife did not influence the transaction.

2. **Same—Insufficiency of Defendant's Evidence.**

Record examined, and held, that the defendant failed to sustain this burden of proof.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; John L. Norman, Judge.

Action by Sarah Peeviehouse against Wade Peeviehouse. Judgment for plaintiff, and defendant brings error. Affirmed.

Fred M. Carter and C. M. Gordon, for plaintiff in error.

Steele & Boatman and Creekmore Wallace, for defendant in error.

Opinion by JARMAN, C. This was an action in the district court of Okmulgee county by Sarah Peeviehouse against Wade Peeviehouse to cancel a deed and quiet title to certain real estate. Judgment was for the plaintiff and the defendant brings error.

The plaintiff and the defendant were married in 1909 and resided on the allotment of plaintiff, she being a duly enrolled full-blood Creek Indian. Later this allotment was sold and a portion of the proceeds was invested in a house and lot in the city of Okmulgee, the property in controversy, as their home, where the plaintiff and defendant resided for some time. On July 11, 1921, the plaintiff filed a divorce suit against the defendant, and, on February 27, 1922, a decree of divorce was granted the plaintiff, and also the custody of the two minor children of plaintiff and defendant. The evidence discloses that, after the divorce suit was filed, the plaintiff and the defendant lived together and cohabited as husband and wife, at intervals, and a few days before the deed in question was executed, which was on February 20, 1922, the defendant went for the plaintiff and carried her back to their home, where they lived and cohabited as husband and wife, and, while there, the plaintiff executed a deed to said property to the defendant, pursuant to an agreement that the defendant would not appear and make any defense and oppose the granting of a divorce to the plaintiff, and that the defendant would take charge of, maintain, and support the two minor children. There was no other consideration for the deed. The deed was executed and left in the hands of the notary public who took the acknowledgement, with the understanding that the same was not to be delivered until the divorce was granted, which was accordingly done.

The trial court canceled the deed upon the ground that the same was executed without any consideration therefor.

The defendant discusses the several assignments of error under two heads:

First. That the judgment of the lower court is clearly against the weight of evidence; it being insisted that the undisputed evidence shows that there was a consideration for the deed, although there was no monetary consideration.

Second. That mere inadequacy of consideration is not sufficient to justify the canceling and setting aside of a deed.

Not only was there no consideration for the deed, as found by the trial court, but the entire transaction smacks of fraud. In the first place, the divorce was procured by collusion of the parties, and the agreement entered into between the plaintiff and the defendant, whereby the plaintiff was to deed the property in question to the defendant if he would not resist the divorce action and would maintain and support the minor children, is null and void; besides, at the time this deed was executed, the confidential relation of husband and wife existed between the parties, and, under such circumstances, the burden of proof was on the defendant to show that the transaction in procuring the deed was in good faith and for a valid consideration, and that the confidential relation of husband and wife did not influence the transaction. Montgomery v. Montgomery, 41 Okla. 581, 139 Pac. 288; Board of Comm'rs v. Hazelwood, 79 Okla. 185, 192 Pac. 217.

The defendant failed to sustain this burden of proof and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.