BOND FORFEITURES
Those funds collected as a result of the institution of suits under the provisions of 19 O.S. 186 [19-186] (1961), now repealed, must be deposited with the Court Clerk in accordance with the provisions of 59 O.S. 1301 [59-1301] (1971), et seq. The Attorney General has considered your request for an opinion wherein you ask the following question: "Do the monies presently collected on three criminal cases wherein civil petitions for bond forfeitures were filed and judgments rendered in February and April, 1965, which at this time have been deposited with the Court Clerk in each of said cases, go entirely to the Court Fund, or does 25% of said monies presently collected go to the individual who was County Attorney in 1965 or to the present District Attorney?" Your question regarding the disposition of monies received as a result of bond forfeiture judgments can be answered partially by a determination of the effect of a repealer on the then existing law, 19 O.S. 186 [19-186] (1961). It is assumed that the bonds and recognizances meet the legal requirements of law as was set out in Pope v. Board of Commissioners of Oklahoma County, 146 P. 222,223 (1915). The repealed statute, 19 O.S. 186 [19-186] (1961), provided as follows: "The county attorney shall receive, in addition to his salary, one fourth of all forfeited bonds and recognizances by him collected." In construing the provision of this statute, the case of Board of Commissioners of Okfuskee County v. Hazelwood, et al.,79 Okl. 185, 192 P. 217 (1920), dealt with the matter of a prior county attorney receiving payment as a result of forfeited bonds. The court stated: "Under the provisions of Section 1557, R.L. 1910, providing that the county attorney, in addition to his annual salary, `shall receive twenty-five per cent of all forfeited bonds and recognizances by him collected.' Hazelwood was not entitled to twenty-five per cent of the judgment. He was only entitled to twenty-five per cent of that part of the judgment actually collected by him during his term of office. Section 1557, R.L. 1910, means exactly what it says, and it would be difficult to clarify its language." Thus, it is clear that under the case of Hazelwood, supra, a prior county attorney could lawfully and properly receive only those funds due him that were prosecuted to final judgment and collected by him during his term of office. Section 186 was repealed by House Bill No. 642, Regular Session of the Thirteenth Legislature (1965), now codified as 59 O.S. 1301 [59-1301] — 59 O.S. 1340 [59-1340], and became effective January 1, 1966. Section 59 O.S. 1332 [59-1332] of the Act provides in material part as follows: "From and after the effective date of this act the county attorney shall not receive any fees, bonuses or other monies or property for or by reason of his services or actions in connection with or collection of bond forfeitures under the provisions of this act." 82 C.J.S. Statutes, 293, provides materially: "Time when repeal effected. A repeal is not effected until the revised law goes into effect." Thus, the new act relating to bail bondsman and prescribing statutory obligations by surety and defendant in connection with the appearance of a defendant and expressly excluding the county attorney from receiving any fees in connection thereto, for purposes of your inquiry, repealed Section 186 as of January 1, 1966. It, therefore, must be concluded that as of January 1, 1966, the Legislature intended that the former provisions contained in Section 186 cease to be operative. If, then, the provisions of Section 186 were in effect now, it appears that the present district attorney would clearly be the proper recipient for the allowable statutory percentage collected by him during his term of office. See Board of Commissioners of Okfuskee County v. Hazelwood, supra. However, since Section 186 has been repealed and there is no statutory authorization for a present district attorney to receive such fees and there was no language employed in the act replacing Section 186 to support a conclusion that the Legislature intended to extend the former acts provided for in Section 186 to be operative for suits filed on but not finally prosecuted, we must conclude that the Legislature intended all acts under Section 186 inconsistent with the new act to be repealed as of January 1, 1966. Accordingly, any funds derived as a result of bond forfeitures and judgments after January 1, 1966, must be disposed of according to the provisions of 59 O.S. 1971 1301 [59-1301], et seq. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Those funds collected as a result of the institution of suits under the provisions of 19 O.S. 186 [19-186] (1961), now repealed, must be deposited with the Court Clerk in accordance with the provisions of 59 O.S. 1301 [59-1301] (1971), et seq. (Nathan J. Gigger)