## MAYNARD v. CEDAR COUNTY.

1. **Sheriff: MILEAGE : MOST DIRECT ROUTE.** Section 3788 of the Code, providing that the mileage of an officer for conveying a convict to the penitentiary shall be computed by the " most direct route of travel," is to be construed as intending the route by which the journey can be the most speedily performed.

*Appeal from Cedar District Court.*

FRIDAY, JUNE 13.

ACTION at law to recover compensation allowed by statute to plaintiff for services rendered by him as sheriff in conveying to the penitentiary certain prisoners convicted and sentenced by the District Court of Cedar county. The cause was tried to the court without a jury, and judgment was rendered for defendant. Plaintiff appeals.

*Piatt & Carr*, for appellant.

*Sylvanus Yates*, for appellee.

BECK, CH. J.—The case was submitted to the District Court

Maynard v. Cedar County.

upon an agreed statement of facts, wherein it is shown that

1. SHERIFF: mileage: most direct route.

plaintiff conveyed the prisoners to the penitentiary at Anamosa by railroad, the distance being sixty-four miles, and that there was a public highway between Anamosa and Tipton which "is the usual line of travel" for those using vehicles drawn by horses, the distance being thirty-five miles. It is shown in the statement of facts that there is no public conveyance between Tipton and Anamosa. The sheriff is allowed by law "for conveying each convict to the penitentiary, and as full compensation therefor, sixteen cents for each mile traveled, to be computed from the county seat where the conviction took place by the most direct route of travel; the same to be paid out of the county treasury." Code, § 3788. The statute provides for mileage to be computed by "the most direct route of travel." The expression "route of travel" means the way or road traveled. A way or route not traveled is not within the meaning of the term. A traveled route is the way traveled by persons pursuing a journey between given points. The "old 'divide' road" between Keokuk and Des Moines would not now be regarded as the traveled route between these cities. Railroads now connect those cities, and are the routes of travel between them. Travelers now estimate distance rather by time of travel than by miles. The route by which they will most speedily perform the journey is considered the most direct. In the case before us the record shows that the distance by rail between Tipton and Anamosa is sixty-four miles; and by the highway it is thirty-five. No public conveyance runs by the highway. Those who travel between these towns by public conveyance must take the railway. It is to be regarded, therefore, as "the most direct route of travel."

Another thought is worthy of expression. Not only is travel by railroad the most speedy, but for the plaintiff, in conveying prisoners to the penitentiary, it is the safest. There is not the danger of escape and rescue when upon a railroad car that there would be in traveling upon a highway. The

prudent discharge of his duty and the public interest required the plaintiff to convey the prisoners by railroad. The law in requiring this will provide for compensation accordingly. It is our opinion that the judgment of the District Court ought to be

REVERSED.