THE BOARD OF COMM'RS OF LYON CO. v. EDWARD G. CHASE.

MILEAGE FEES *of Witness for the State.* C., who was an important witness in a criminal case, and who resided within seventeen miles of the place where the trial was subsequently to be had, entered into a recognizance for his appearance at the next term of the court, to serve as a witness in the case on the part of the state. Afterward, but before the next term of the court, he changed his residence, removing out of the state, and at least 1,600 miles from the place of trial. He attended at the next term of the court, and was a witness in the case. *Held*, That he is entitled to receive mileage fees for the distance necessarily and actually traveled in going from the state line to the place of trial and returning, and no more.

*Error from Lyon District Court.*

AT the adjourned September Term, 1879, of the district court, *Chase* recovered a judgment against the *Board of Com-*

*missioners of Lyon County* for $327.50. The *Board* brings the case here. The opinion states the nature of the action, and the facts.

*Almerin Gillett*, for plaintiff in error.

*Buck & Kellogg*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Edward G. Chase against the board of commissioners of Lyon county, for fees as a witness in the case of The State of Kansas v. Robert Best, who was prosecuted criminally in said county, for murder. The facts of the case are substantially as follows:

Chase, who resided in Lyon county, within seventeen miles of Emporia, the county seat of that county, and who was an important witness in the above case, duly entered into a recognizance in the sum of $100, for his appearance at the next term of the district court to be held in Lyon county, to serve as a witness in the case on the part of the state. Afterward, but before the next term of the court, he changed his residence from Lyon county to Boston, Massachusetts. At the next term of the court, he made his appearance in pursuance of his recognizance and at the request of the county attorney, and attended the court five days, and was a witness in the case, and then returned to his home in Boston — actually traveling, in going to Emporia and returning to Boston, 3,200 miles. It is agreed that the nearest route from Boston to Emporia and return is 3,200 miles, and the nearest route from the state line at Kansas City to Emporia and return is 254 miles, and it is also agreed that Kansas City is on the usual route from Boston to Emporia. The said Best was duly convicted and sentenced for manslaughter in the second degree, and is now serving his sentence in the penitentiary, and is wholly unable to pay the costs of said case. Previous to the next term of the court, and previous to October 1, 1879, the clerk of the court duly taxed the costs in the said criminal

case, and delivered to the county attorney a complete and accurate fee bill of the same as provided by § 333 of the criminal code; and the county attorney duly examined and certified the bill, which included Chase's claim, to the board of county commissioners as provided by § 334 of the criminal code; and the board, on October 8, 1879, allowed $10.90 of Chase's claim, and refused to allow any greater sum, and Chase, feeling himself aggrieved by the action of the board, duly appealed to the district court. The district court allowed $327.50 on Chase's claim — $320 thereof being allowed for mileage, and $7.50 thereof being allowed for attendance at court. The county, feeling itself aggrieved by the decision of the district court, now brings the case here for review.

The only question presented to this court is with regard to the mileage fees allowed by the district court to Chase, as a witness. The decision of this question depends entirely upon the interpretation that may be given to § 15 of the act concerning fees and salaries. So much of said section as applies to this case, reads as follows: "Witnesses shall receive the following fees: . . . For each mile necessarily and actually traveled in going to and returning from the place of attendance, ten cents." (Comp. Laws of 1879, p. 445, § 15.) It will be noticed that the statute does not fix the starting-place. Ordinarily, we should think that the starting-place would be at the place of residence of the witness at the time it was necessary for him to make the start for the purpose of attending the court as a witness. It cannot be supposed that it is the place of his residence at the time the witness enters into the recognizance, for the statute does not seem to contemplate any such thing, and our statutes were not enacted with any purpose of preventing witnesses or others from changing their places of residence. And it cannot properly be held that the starting-place is any place beyond the boundaries of our own state, for we have no jurisdiction beyond our own boundaries. No process from any court or tribunal in this state can have any power or force in any other state. There was no power in this state that could compel the wit-

ness Chase to come from Boston to Emporia.   Our laws have no extra-territorial force.   They do not reach Boston.   Therefore, when the legislature provided for paying witnesses mileage fees, we think the legislature merely intended that the witnesses should receive mileage fees only for the distance necessarily and actually traveled within the jurisdiction of the court.   If we are correct in this, and we think we are, the witness Chase was entitled to mileage fees for the distance traveled from the state line to Emporia and return, or for 254 miles traveled, making $25.40 mileage fees, and $7.50 fees for attendance at court;  total, $32.90.

This cause will be remanded to the court below, with the order that the judgment of the court below be modified by reducing it from $327.50, as it was originally rendered, to $32.90.   The costs of this court will be equally divided between the parties.

BREWER, J., concurring.

HORTON, C. J.: I concur in the judgment, and fully agree that there is no statutory provision for the payment of more fees to the defendant in error than $32.90; but if he returned from Boston to Emporia solely on account of his recognizance and for the purpose only of attending the district court as a witness on the part of the state, his case is of such peculiar hardship as to appeal strongly for equitable relief at the hands of the legislature.   He ought to be reimbursed his actual expenses.