The Board of Commissioners of Marion County *v.* Pressley, Sheriff.

---

No. 8854.

The Board of Commissioners of Marion County *v.* Pressley, Sheriff.

Fees and Salaries.—*Sheriff's Mileage.—Constructive Fees.—Statute Construed.* —Under the fee and salary law of 1879, Acts 1879, p. 130, which allowed the sheriff mileage "for each mile necessarily travelled in going and returning to serve process," and forbade the charging of any constructive fee, the sheriff was not entitled to charge, for serving a special *venire* for jurors in a criminal case, mileage for double the distance from the court-house to the place where each juror was served. "Necessarily travelled" can not mean more than "actually travelled."

Same.—*Right of Appeal.*—The decision of the circuit court in reference to an officer's fees is not made final by force of the 36th section of the fee and salary act of 1879, Acts 1879, p. 130, and from the decision of such court, on appeal from the decision of a board of commissioners, there may be an appeal to the Supreme Court.

From the Marion Circuit Court.

*A. C. Harris,* for appellant.

*W. W. Herod* and *F. Winter,* for appellee.

Woods, J.—The appellee Pressley, as sheriff of the county, filed before the board of commissioners a claim for mileage. The board refused to allow a part of the claim, and he appealed to the circuit court, which gave judgment for the whole amount demanded.

There is no dispute concerning the facts, and the question presented is one of statutory construction.

The evidence shows that, in the case of *The State* v. *Joseph B. Wade,* pending in the criminal circuit court, at the April term, 1880, a special venire was issued to the sheriff, commanding him to summon fifty good and lawful men of the county to appear before the judge of the court on a day named, to serve as jurors. The appellee, by the aid of his deputies, served the writ on fifty persons, named in the return, and charged mileage for twice the distance from the court-house to the place where each one was served, aggregating 660 miles. The distance actually traversed in making the service upon the entire number did not exceed 200 miles.

By section 27 of the fee and salary law, approved March 31st, 1879, which governs the case, it was provided that " In all cases where the sheriff shall perform any service for the county required by law to be performed by him, and there is no provision for its payment, the board of county commissioners shall allow and pay such sheriff the same compensation as is allowed by law for similar services," etc.

The fees of sheriffs were defined by section 26 of the same act, the portions pertinent to the present discussion being as follows :

" For each mile necessarily travelled in going and returning to serve process, 10 cents. * * *

" For summoning a jury of twelve men, with mileage as above, 75 cents.

" For summoning a jury of less than twelve men, 10 cents for each juror served, with mileage as above."

Counsel for the appellee have contended, in an argument of elaborate ingenuity, that the word "necessarily," in the phrase " necessarily travelled," must not be regarded as meaning "actually ; " that, when a single writ or process is to be served upon two or more individuals, a separate service upon each person is required, just as if he were named in a separate writ, and, though by chance found by the officer and served

at the same time with another, the miles travelled to reach them were necessarily travelled to reach each of them, and consequently the double mileage is, within the letter of the law, properly chargeable; just as it would be, they say, if two writs were served at one time upon the same person. The case of *Vannatta* v. *Brewer*, 85 Ill. 114, is the only authority cited in this connection.

The case, however, as we conceive, lends no support to the argument. It arose under a statute essentially different from ours, in this, that while mileage was given "for each mile of necessary travel" to serve the writ or process, the mode of determining the amount was specifically provided, namely, by " calculating from the place of holding the court to the place of residence of the defendant or witness." The court in that case held that " Taking any one witness alone, by himself, the officer might properly return that" (the distance from the court-house) "as the necessary travel in serving him. It is insisted," the opinion proceeds to say, "that in allowing to the word 'necessary' its proper force and significance, 'necessary travel' must mean the distance, only, which is indispensably travelled to serve the process; but the word 'necessary' is not infrequently used in the law in a less restrictive sense than that of absolute necessity. Looking at the one instance by itself, here complained of, the fees may, at first blush, seem larger than they should be, and to embrace a charge for more than the necessary travel in serving the writ; * * * but the officer in this one instance happened to be fortunate, and find all the witnesses at one time and place, and was saved any other journey. In another case, he might have to make as many separate journeys as there are witnesses. Again, officers frequently make fruitless journeys, and fail in effecting a service, owing to the absence from their place of residence of defendants or witnesses, in which case no mileage is allowed; or they may have to travel a greater distance than to the place of residence to make service, but the charge may only be for the distance to place of residence."

While this reasoning is forcible and pertinent to the statute which was under consideration, it shows how unwise and inequitable is the law which admits of or requires such an interpretation. It is certainly a better and fairer rule which, instead of "calculating from the place of holding the court to the place of residence of the defendant or witness" (each separately), allows a fit compensation for the service done under each writ, to be paid by the party upon whom the burden shall be finally and lawfully cast, and to be calculated according to the miles "necessarily travelled in going and returning to serve the process," whether upon one or many.

When mileage, according to the distance necessarily travelled, is allowed for the service of a summons, subpœna, venire, or like process, which is to be served on one or more persons, it means for the miles necessarily travelled in obedience to, or in performance of, the command of the writ; and, notwithstanding there may be allowed, besides the mileage, a fee for the service of the writ on each person, it does not follow that in respect to the mileage the writ should be regarded as a separate process for each individual required to be served, and that, by construction, mileage may be charged according to the distance from the court-house to the place where each person was found, when, in fact, that distance was not travelled; and especially must this be so, when the officer is expressly forbidden to claim any constructive fee.

We do not dissent from the proposition that the word "necessary" is frequently used in the law, as indeed we think it is used in this law, "in a less restrictive sense than absolutely necessary." See *Mueller* v. *The State,* 76 Ind. 310, and *Corey* v. *Swagger,* 74 Ind. 211. As counsel contend, "necessarily" is not synonymous with "actually," and yet we are clear that "miles necessarily travelled" to serve process can not properly be construed to embrace more miles than were actually traversed in order to complete the service.

We do not mean that under this law the sheriff, upon receiving a writ or process, was bound to predetermine, with

nice and mathematical accuracy, what route he should take in order to perform the command of the writ by travelling the fewest miles; nor that once started on the service he was compelled to keep going, without reference to any other consideration of duty or convenience, until all were served who could be found, before returning, in order to be entitled to his mileage for the distance actually travelled. And, on the other hand, we deem it equally clear that he was not permitted, when he had served a process on one of two or more whom he was commanded to serve, to return without reasonable excuse to the court-house, to "touch base" again, either actually or constructively, before proceeding to serve another who could have been reached conveniently on the same journey with less travel than would have been required in making such service at another time.

"But we further submit," say counsel, "that section 36 of the fee and salary law of 1879 constitutes the circuit court a court of final jurisdiction of questions of this kind." We do not think so. See *Ex Parte Ford*, 74 Ind. 415; *The State* v. *Barron,* 74 Ind. 374. The section provides that "Any officer being in doubt of the proper charge to be made for any service rendered, shall in no case charge any constructive fee; but he shall bring the question before the circuit judge of his county, in writing, and said judge shall decide the same, which decision shall be entered of record, as other orders of court are entered; * * * which order shall authorize such charge to be made as found by the court."

This, it will be observed, permits the court on proper application to decide what charge any officer may make for a " service rendered," and the order of the court " shall authorize such charge to be made."

Whether such an order can be made without notice to the party concerned and what the effect of the order when made, either in respect to or beyond the particular service decided upon, we are not called upon to consider. No order of the circuit court or judge is shown to have been asked for or

made under this section of the law in reference to the matter in issue. The appellee presented his claim to the board of commissioners, and appealed from the adverse decision to the circuit court. From the decision of that court the board had a clear right as in other cases to appeal to this court. *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549.

The judgment is reversed, with instructions to grant a new trial.