City of Terre Haute *v.* Beach *et al.*

Filed June 6, 1884.

No. 8409.

CITY OF TERRE HAUTE *v.* BEACH ET AL.

CITY.—*Annexation of Territory.—Jurisdiction.—Collateral Attack.*—A complaint to enjoin a city from exercising jurisdiction over territory annexed claimed that the proceedings to annex were void: 1. Because the petition for annexation prayed for the annexation of other lands also, which the county board refused to annex; 2. Because no notice of the intention to present the petition was given by publication for thirty days.

*Held,* that the complaint did not show that the board had not jurisdiction of the proceedings, and therefore the annexation could not be attacked collaterally.

SAME.—*County Commissioners.—Defective Notice.*—Where there is some notice, of a legal form, and that notice is adjudged sufficient, the proceeding is not void, although the notice may be defective.

From the Vigo Circuit Court.

*I. N. Pierce, J. W. Harper* and *J. M. Allen,* for appellant.
*J. G. Williams* and *W. Mack,* for appellees.

ELLIOTT, J.—The appellees' complaint alleges that the board of commissioners of Vigo county, on the petition of the city of Terre Haute, ordered lands belonging to them to be annexed to the city, and charges that this judgment was void, because, to borrow the language of the pleading, " no petition was ever presented to the board of commissioners for the annexation of the territory described in the order of

the board, but the petition presented at said time to said board included and described other lands, and which said board refused to annex to said city, and granted only a part of said petition." It is clear, under the now settled rule, that this statement supplies no ground for an injunction. Many cases establish the rule that where the petition is sufficient on its face to confer jurisdiction of the subject-matter, the proceedings based upon it, although erroneous, can not be overthrown by injunction. The appropriate remedy in such cases is by appeal. Where there is jurisdiction no irregularities or errors will render the proceedings void, and it is only void proceedings that can be collaterally assailed. *Town of Cicero* v. *Williamson*, 91 Ind. 541; *Heagy* v. *Black*, 90 Ind. 534; *Grusenmeyer* v. *City of Logansport*, 76 Ind. 549; *Caskey* v. *City of Greensburgh*, 78 Ind. 233; *Board, etc.*, v. *Pressley*, 81 Ind. 361; *Green* v. *Elliott*, 86 Ind. 53.

It is also averred that " no notice by publication of the intention to present said petition to said board of commissioners, was given thirty days previous to December 5th, 1872." By the law in force when the annexation proceedings were had, it was provided that the " council shall give thirty days' notice, by publication in some newspaper of the city, of the intended petition " (1 R. S. 1876, p. 311), and if the complaint had directly charged that no notice at all had been given, it would perhaps have been good, because, as the proceeding affected the personal and private rights of the appellees, they were entitled to the notice, and this not having been given the board of commissioners did not acquire jurisdiction of the person. *Town of Cicero* v. *Williamson, supra.* Notice in some form in such cases is required, and a statute not providing for it is probably unconstitutional. *Campbell* v. *Dwiggins*, 83 Ind. 473. However this may be, it is clear that the complaint is insufficient. For aught that appears more than thirty days' notice may have been given. The presumption is in favor of the acts of public officers, and, until the contrary is shown, it must be presumed that they have done their

duty. There is nothing here to show that notice was not given for a much longer period than thirty days. It is, indeed, impliedly conceded by the complaint that some notice was given, and the rule is that where there is some notice, although a defective one, and the commissioners have adjudged it sufficient by acting upon it, there can be no successful collateral attack. *Oppenheim* v. *Pittsburgh, etc., R. W. Co.*, 85 Ind. 471; *Stout* v. *Woods*, 79 Ind. 108; *McAlpine* v. *Sweetser*, 76 Ind. 78; *Hume* v. *Conduitt*, 76 Ind. 598; *Muncey* v. *Joest*, 74 Ind. 409.

Judgment reversed.

Filed Dec. 13, 1883.

### ON PETITION FOR A REHEARING.

ELLIOTT, C. J.—In the brief of the appellees the question for our decision was thus stated: "The only question presented by this record is, was the complaint subject to demurrer?" This we accepted as a correct statement, and fully considered the question presented, and we certainly gave the appellees no cause for complaint in acting upon their own statement.

It is said in the brief on the petition for rehearing, that we were in error in stating that the complaint averred that an order of the board of commissioners was made annexing lands to the city of Terre Haute. That we were not in error is apparent from the following statement of the complaint: "And plaintiffs say that the board of commissioners of Vigo county, pretending to act under sections 86 and 87 of the law of 1867, made an order annexing to the city of Terre Haute certain territory, in said order described, in twelve parcels," and this is followed by a description of the lands ordered annexed. But if this extract does not sufficiently show that we were right, then the following surely does: "And plaintiffs say that said pretended annexation of land to the city of Terre Haute is illegal and void, and that the acts of said city

in assessing said lands for taxation, and the acts of said treasurer in attempting to enforce the collection of taxes, are unlawful and wholly without right; that, in truth and in fact, said lands are not within the city of Terre Haute, because plaintiffs show that no petition was ever presented to the said board of commissioners asking for the annexation of the territory set out in the order of the board, but the petition presented at said time to said board included other lands, described therein, which the board refused to annex to said city, and granted only a part of said petition." This, certainly, shows that the board ordered the lands of the appellees annexed, but refused to order the annexation of other lands.

The theory on which the pleading is founded shows clearly that we correctly read the complaint, for the theory is that because all the lands were not annexed none were, the theory is not that the lands of the parties described in the order were not ordered to be annexed, but that other lands described were not annexed.

We find in the concluding part of the complaint this clause: "And that the defendants be perpetually enjoined from attempting further to assess the same under the order of said board," and the context clearly shows that the word " same " refers to the lands of the appellees, described in the order.

Counsel are right in saying that we did not mean to hold that the lands not within a city could be taxed by the municipal authorities, but they are wrong in assuming that we did not correctly construe their complaint.

The pleading shows that a petition was presented to the board of commissioners, and that it described the lands of the appellees and other lands, and this petition was sufficient to invoke the jurisdiction of the board in the particular case, and this was all that was necessary to protect the proceedings against a collateral attack. The statute gives the board general jurisdiction over the subject, and the petition called that jurisdiction into exercise in this instance. The fact that the petition may not have been sufficient in form or sub-

stance, does not affect the question of jurisdiction. The power to determine whether a petition is or is not sufficient is itself jurisdiction. In *United States* v. *Arredondo*, 6 Peters, 691, it was said: "The power to hear and determine a cause is jurisdiction; it is '*coram judice*,' whenever a case is presented which brings this power into action." In the well considered case of *Board, etc.*, v. *Markle*, 46 Ind. 96, this doctrine was applied to the commissioners' court. If the petition is such as shows that the court has general jurisdiction of the subject-matter, then there is jurisdiction in the particular case, whether the petition is or is not sufficient to entitle the petitioners to the relief sought. The question of jurisdiction does not depend upon the sufficiency of the petition as the statement of a cause of action, but depends upon whether it does or does not state facts showing that the court in which it was filed has jurisdiction over the general subject, and that it may properly exercise that jurisdiction over the particular case made by the petition. In *Morrow* v. *Weed*, 4 Iowa, 77, it was said: "If there be a petition, or the proper matter of that nature, to call into action the power or jurisdiction of the court, the sufficiency of it can not be called in question collaterally. This is for the appellate power only. If there be a notice or publication, or whatever of this nature the law requires in reference to persons or other matters, its sufficiency can not be questioned collaterally. Of course, this means a notice coming within the legal idea and range of such a matter. An absurdity could not be permitted to pass." *Smith* v. *Engle*, 54 Iowa, 265. The cases cited from our own reports, in the opinion heretofore delivered, very clearly show the rule as it has long existed in this State.

The petition in this case showed that the general subject was one over which the commissioners had jurisdiction, and as it described real estate it showed that the case was one in which that general power was properly called into action. The failure to accurately describe the land may have been a

defect affecting the sufficiency of the petition as to the statement of a cause of action, but it was not such a defect as deprived the board of jurisdiction. The petition called into exercise the power of the commissioners' court, and as that tribunal had jurisdiction, the errors or irregularities in the proceedings can not be made available otherwise than by appeal.

It is now well established, although there has been some contrariety of opinion upon the subject, that in all cases where the commissioners' court has jurisdiction of the general subject, and that jurisdiction is brought into exercise in the particular instance, the judgment will be sustained as against all collateral attacks. There are strong reasons for the rule, as shown by the cases heretofore referred to. Another reason may here be given, and that is this, the public have a right to the prompt and speedy settlement of questions affecting public interests, and by requiring one who is dissatisfied with the judgment of the board of commissioners to appeal this result is secured. Again, if there are errors or irregularities, advantage should be taken of them before rights have been acquired by the public or by private individuals. It is far better in such a case as the present, that property owners should be required to appeal and avail themselves of all objections that may exist, rather than wait until the municipal authorities have laid out streets and made public improvements, and then obtain an injunction. Still another reason supports our now established rule, and that reason is that the requirement that persons aggrieved by the judgment of the inferior tribunal shall appeal gives stability to the judgments of the commissioners, represses litigation and enables those who desire to act upon the judgments of the commissioners to act with knowledge and confidence.

Petition overruled.

Filed June 6, 1884