Padgett v. The State.

<hr />

No. 11,383.

PADGETT v. THE STATE.

INTOXICATING LIQUOR.—*License.*— *Sale Pending Appeal.*—An appeal from a judgment of the circuit court granting a license to sell liquor does not suspend the right of the applicant to the license pending the appeal, and if he tender a proper bond and the license fee he may sell, though the county auditor unlawfully refuse to issue the license.

From the Morgan Circuit Court.

*J. V. Mitchell, J. F. Cox, J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellant.

*F. T. Hord,* Attorney General, *F. P. A. Phelps,* Prosecuting Attorney, *W. R. Harrison, G. W. Grubbs, W. E. McCord, J. H. Jordan, — Matthews, G. A. Adams, J. S. Newby, L. Ferguson* and *— Renner,* for appellee.

ELLIOTT, J.—The appellant applied for license to retail liquor; the board of commissioners denied his application; he prosecuted an appeal to the circuit court and succeeded in obtaining a judgment that he was a fit person to receive a license, but, notwithstanding this judgment and the payment of the license fee to the treasurer, the auditor refused to approve the bond offered by appellant, or to issue a license to him. The remonstrators appealed from the judgment of the circuit court, and within due time filed the proper appeal bond. After the payment of the license fee, and after the auditor, by command of the court, had approved appellant's bond, but also after the appeal had been taken by the remonstrators, the appellant sold the intoxicating liquor as charged in the indictment upon which this prosecution is founded.

It is now well settled that from all decisions of a judicial nature made by the board of commissioners an appeal will lie to the circuit court unless expressly or impliedly forbidden by statute. *Town of Cicero* v. *Williamson*, 91 Ind. 541; *Board, etc.,* v. *Logansport, etc., G. R. Co.,* 88 Ind. 199; *Miller* v. *Embree,* 88 Ind. 133; *Bryan* v. *Moore,* 81 Ind. 9; *Board, etc.,* v. *Pressley,* 81 Ind. 361; *Ricketts* v. *Spraker,* 77 Ind. 371; *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549; *Baltimore, etc., R. R. Co.* v. *Board, etc.,* 73 Ind. 213; *Houk* v. *Barthold,* 73 Ind. 21; *Hanna* v. *Board, etc.,* 29 Ind. 170. A very great number of decisions recognize the principle that from all judgments of the circuit court there is an appeal to the Supreme Court unless an appeal is prohibited by some statutory provision. The cases are by far too numerous for citation. We think there can be no doubt that under our present statutes and decisions the rule is that there may be an appeal from a judgment of the circuit court granting or refusing a license.

The difficult question in this case is as to the effect of the appeal taken by the remonstrators from the judgment of the circuit court. A judgment is not changed or impaired by an appeal; it remains in full force. *Nill* v. *Comparet,* 16 Ind. 107; *Mull* v. *McKnight,* 67 Ind. 525; *Randles* v. *Randles,* 67 Ind. 434; *Walls* v. *Palmer,* 64 Ind. 493. The statute, however, provides that " When an appeal is taken during the term at which judgment is rendered, it shall operate as a stay of all further proceedings," and if the act of taking out a license is a proceeding on the judgment, then the appeal stayed the appellant from obtaining the license. We do not regard the issuing of the license as a proceeding on the judgment within the meaning of the statute. One reason for this conclusion is that the judgment is self-executing. The entry of the judgment entitles the applicant to his license without any other proceedings on the judgment. The decision of the circuit court is decisive of the applicant's right to a license, and the ministerial officers are bound to obey it without requiring

that process be issued for its enforcement. There is, indeed, no provision for enforcing obedience to the judgment by process, and none is needed, for the judgment enforces itself. The only question to be settled is the right of the applicant to the license, and when the court settles this question the rights of the parties are completely determined, and relief fully awarded. There is no necessity for any process; there is no property to be seized by it; no wrong-doer to be ejected from an office, or from property, or anything of that kind; all that can possibly be accomplished is effected by the judgment itself. So far as the court and its process and powers are concerned, its whole duty is done and its whole power exercised when judgment is pronounced declaring the applicant to be a person entitled by law to a license. In the action in which the judgment was pronounced nothing more can be done. It may be that a ministerial officer, by refusing a license, may compel resort to legal measures, but, conceding this to be true, there can, strictly speaking, be no process on the judgment; the appropriate proceeding is an independent one for a writ of mandate against the officer who wrongfully refuses to perform his duty. The judgment of the circuit court is complete in itself, and awards all that the court can by its decree or its process legitimately award. It is not easy to conceive a judgment more clearly self-executing. Many judgments are, it is well known, executed by their own terms. Thus, any ordinary judgment for the plaintiff in replevin, where he has possession of the property executes itself; so does a judgment in favor of one in possession of an office, and so, also, does a judgment in partition and a judgment disbarring an attorney. *Randles* v. *Randles, supra; Ex Parte Walls*, 64 Ind. 461. In theory, all judgments are self-executing. Freeman Ex., section 1; Freeman Judg., section 2. It is, however, often necessary, in order to secure satisfaction of the judgment and afford full redress, that process should issue on the judgment to compel performance of what the judgment awards, but in this instance that is not re-

quired. Here the judgment is all and everything that is needed. The law only requires that the applicant for a license shall secure a judgment from the commissioners or from the circuit court; it does not require that he shall take measures to coerce ministerial officers into obeying it. When an applicant for a privilege secured him by statute does all that the statute requires, he is entitled to what it provides, and, as the statute requires nothing more than a judgment, when that is secured he is entitled to the benefit of its provisions. He needs no proceeding on his judgment, and consequently there is nothing upon which the stay secured by the statute can operate, except the costs of the action.

The conclusion we have reached gives the statute the effect intended by its framers and prevents confusion. The fitness of an applicant to retail liquor is the main issue in all such cases as this, tried on appellant's appeal to the circuit court, and the time meant by the law is that at which he is entrusted with the sale of liquor. The traffic has, in this State, always been regarded as one to be guarded by proper restrictions, and it is in pursuance of this general view of the subject that the Legislature has made it proper to enquire into the character of the applicant and to require of him a bond securing society, in a measure at least, against improper use of the privilege of retailing liquor. If it should be held that the applicant could not obtain license until after the judgment of the trial court had been affirmed, then the question of his fitness and of the sufficiency of his bond would be postponed far beyond the time contemplated by the law, and not improbably to a time when such changes had taken place as would make it improper to permit him to take out a license at all. Or, if this would not be the result, then the result would be a complete denial of a right conferred by an express statute.

The statute secures to an applicant, upon certain conditions, a personal privilege, and when he shows himself to be within the statute, courts have no power to withhold what.

the law has granted. The only question is, when does the applicant bring himself within the statute, when he secures a judgment of the circuit court, or when that judgment is affirmed on appeal? It seems quite clear that his right is fixed by the judgment of the circuit court, for the statute plainly contemplates that when that is secured he shall enjoy the right it grants by complying with its terms as to the payment of the license fee and the filing of a sufficient bond.

We think that an applicant for a license who secures the judgment of the circuit court in his favor, and who tenders the requisite fee and proper bond, is entitled to a license. The judgment of the court is conclusive evidence of his right to a license upon payment of the fee and execution of the bond, and no ministerial officer can be allowed to defeat this right by undertaking to disobey or review the judgment of the court.

An applicant for a license, who has obtained a proper judgment declaring his right to a license, and has properly tendered the requisite fee and bond, can not be successfully prosecuted for violating the law, for he has done all that it was in his power to do, and all that the law required of him. The violation of law is on the part of the ministerial officer who withholds the license. The case is utterly unlike that of one who sells without having tendered either fee or bond, and after sale makes tender of both bond and fee. In the one case there is a wrong on the part of the applicant, in the other there is none; in the one case there is the possibility of an evasion of the law, in the other there is an earnest effort to obey the law before undertaking to sell. The applicant can not be in the wrong where he has done all that it was in his power to do. A man can not be denied a statutory right because a public officer has made it impossible to fully comply with the statute; to hold otherwise would be equivalent to declaring that a man may be denied the benefit of a statute for not doing what was legally impossible.

If the proper officers should demand the fee and bond, and

offer a license relating back to the judgment, and the appellant should refuse to execute the bond or pay the fee, and should thereafter retail liquor, he would, doubtless, be subject to prosecution; but as long as he honestly keeps himself in the position of doing all that he can do to comply with the law, he can not be prosecuted for a criminal offence.

Judgment reversed.

Filed Feb. 21, 1884.