LORANDO D. BLAIR, APPELLEE, V. SHERIDAN COUNTY, APPELLANT.

FILED JUNE 16, 1913. No. 16,986.

Elections: EXPENSES: MILEAGE FEES. Where the plaintiff, who was the clerk of the election board, carried the election returns from the polling place to the county seat, where he delivered them to the county clerk, and in going to and returning from the county seat he "traveled over the only available route between said places, a distance of 131 miles," and the route was the shortest railroad route between such points, "and said route was and is the route generally traveled by people between said places," and the shortest distance traveling by team "is a distance of 60 miles through the sand-hill country," and "ordinary traveling by team in ordinary weather takes * * * a day and a half to make the trip, or three days to make the round trip," and by the railroad route actually traveled "it took plaintiff eight hours to make the trip," and before returning it would be necessary to remain over in the county seat 33 hours, and the foregoing facts were stipulated, and on a trial in the district court without a jury the court rendered judgment for plaintiff upon his claim for mileage by the railroad route at 5 cents a mile, this court will not declare that the distance was not "necessarily traveled," or that the district court erred in so holding.

FAWCETT, J.   I cannot approve this syllabus.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. Affirmed.

R. L. Wilhite, for appellant.

Boyd & Barker, contra.

HAMER, J.

The defendant county has appealed from the judgment of the district court for Sheridan county. The plaintiff alleges in his petition that Sheridan county is duly organized; that he is himself a resident taxpayer and voter of Reno precinct in that county.; and that at the general state election held on the 2d day of November, 1909, within Reno precinct in said county, he, the plaintiff, was the duly appointed and acting clerk of the election board for said precinct, and that he performed all the duties on his part to be performed as such clerk of election; that the duties of the plaintiff as such clerk required four days' work on November 2, 3, 4 and 5, 1909; and that it was also part of his duty to transport the returns of said election in his precinct to Rushville, Nebraska, the county seat of the county, and deliver said returns to the county clerk; and that he carried and transported said returns from said Reno precinct to Rushville, Nebraska, where he delivered the same to the county clerk; that said precinct is the extreme southern precinct in said county; and that "the usual traveled road from said precinct and the shortest railroad route between said points is *via* Crawford, Nebraska, *via* the railway lines of the Chicago, Burlington & Quincy Railroad Company and the Chicago & Northwestern Railroad Company, and that the plaintiff in transporting said election returns did travel from Reno, Nebraska, to Rushville, Nebraska, *via* Crawford, Nebraska, over said route above mentioned; that the mileage *via* said route is 131 miles; and that the plaintiff returned to his home from Rushville to Reno, Nebraska, by way of Crawford, Nebraska; that the plaintiff necessarily traveled said route, and that said route is the shortest railroad route between Reno, Nebraska, and Rushville, Nebraska." It is further alleged in the petition that, after performing the said services, the plaintiff filed his claim therefor with the county clerk in the sum of $22.10, the reasonable value of such services and the fee allowed by the stat-

utes; and that on the 17th day of November the board of county commissioners of said county disallowed said claim, and has ever since refused to pay the plaintiff the sum of $22.10, or any part thereof.

The answer admits the filing of plaintiff's claim against the defendant county in the office of the county clerk claiming four days' service as clerk of election and $13.10 as mileage of 262 miles from the polling place in Reno precinct, in Sheridan county, to Rushville, the county seat, and return, and alleges that the county board allowed said claim in the sum of $16, allowing four days as clerk of election, and for "140 miles traveled in making his returns;" that 70 miles and return, making 140 miles, is the full number of miles "that it is necessary to travel in making said returns;" and that it was wholly unnecessary "for plaintiff to travel 262 miles, as alleged in his petition," and that the amount allowed the plaintiff "was more than sufficient to compensate plaintiff for four days' service and five cents per mile for the number of miles necessarily traveled in making said returns."

There was a trial to the court without a jury upon a stipulation of facts. It is shown by the stipulation that the plaintiff was a resident taxpayer and elector of the county, and that he was the duly appointed and acting clerk of the election board in the precinct of Reno, in said county, and that as clerk of said election board he devoted November 2, 3, 4 and 5, 1909, four days, as clerk of said election board and in transporting the ballots from the polling place to the county seat of said county; that the polling place in Reno precinct and plaintiff's residence in said precinct are in the extreme southern portion of said county, and that the plaintiff in carrying said election returns to Rushville, the county seat, traveled over the only available route between said places, a distance of 131 miles; that the route traveled by plaintiff was the shortest railway route between the polling place in Reno precinct and Rushville, the county seat, and said route was, and is, the route generally traveled by people between said

places; that the shortest distance, traveling by team from said polling place to Rushville, is 60 miles through the sand-hill country; that ordinary traveling by team in ordinary weather takes plaintiff a day and a half to make the trip, or three days to make the round trip; that by the said railroad route actually traveled by plaintiff it took plaintiff eight hours to make the said trip to Rushville, and before returning by said railroad route it is necessary to lie over in Rushville 33 hours.

The court found the allegations of the plaintiff's petition to be true, and "that in making said returns said plaintiff traveled by the usual route of travel between the polling place in Reno precinct, in Sheridan county, Nebraska, to Rushville, Nebraska, the county seat; and that he is entitled to mileage for 131 miles, as claimed in his petition." The judgment was rendered for the plaintiff for $22.10 and costs.

The matter in dispute involves a construction of the statute as applied to the facts.

Section 9472, Ann. St. 1911, provides that the judges and clerks of election and board of canvassers for the county, at all general elections, shall receive for each day's service $2, and that "the person making the return of the election to the county clerk shall receive the additional sum of five cents for each mile necessarily traveled." The question in this case is whether the 131 miles and return were "necessarily traveled." Was the plaintiff bound to drive across a rough sand-hill country from Reno precinct to Rushville, or was he at liberty to take the train and to increase his comfort and shorten the number of hours of travel? The stipulation makes the railroad route by way of Crawford "the route generally traveled." The stipulation makes the route traveled the usual route. The stipulation also makes the route which was traveled the route "plaintiff necessarily traveled." If the route was one which the plaintiff necessarily traveled, that seems to dispose of the whole question. The case was tried before the district judge of the district court. His home is at

Rushville, and he has for many years resided in Sheridan county. He is familiar with the roads in his county and with all the surrounding circumstances. He is well qualified to judge of the correctness of the stipulation. His finding and judgment are for the plaintiff. He would not have allowed plaintiff mileage for 262 miles unless he felt that the stipulation and the facts warranted the finding which he made and the judgment which he rendered. We do not clearly see our way to disturb the judgment of the district court.

We have examined some decisions more or less in point. In *Logan County v. Doan*, 34 Neb. 104, the syllabus reads: "The only compensation for serving election notices, to which a sheriff is entitled, is five cents a mile for each mile actually and necessarily traveled."

In *Commissioners of Lyon County v. Chase*, 24 Kan. 774, an important witness in a criminal case, who resided within 17 miles of the place where the trial was subsequently to be had, entered into a recognizance for his appearance at the next term of the court to serve as a witness on the part of the state, and afterward, and before the next term of the court, he changed his residence, removing from Emporia to Boston, a distance of 1,600 miles. It was held that he was entitled "to receive mileage fees for the distance necessarily and actually traveled in going from the state line to the place of trial and returning, and no more." The court seems to have taken the view that the starting place of the witness could not be beyond the boundary of the state. It was said that no power of the state could compel the witness to come from Boston to Emporia, and therefore it was said: "The legislature merely intended that the witnesses should receive mileage fees only for the distance necessarily and actually traveled within the jurisdiction of the court."

In *Cody v. Clelam & Drury*, 1 Pa. Co. Ct. Rep. 9, it is said: "Mileage is to be calculated by the nearest traveled route (1 Pearson, 126), nonresidents to be allowed from the state line. This means by the usually traveled route, whether by railroad or turnpike."

In *Maynard v. Cedar County,* 51 Ia. 430, it was held: "Section 3788 of the code, providing that the mileage of an officer for conveying a convict to the penitentiary shall be computed by the 'most direct route of travel,' is to be construed as intending the route by which the journey can be the most speedily performed." In that case in the body of the opinion it is said: "Travelers now estimate distance rather by time of travel than by miles. The route by which they will most speedily perform the journey is considered the most direct. In the case before us the record shows that the distance by rail betwen Tipton and Anamosa is sixty-four miles; and by the highway, it is thirty-five. No public conveyance runs by the highway. Those who travel between these towns by public conveyance must take the railway. It is to be regarded, therefore, as 'the most direct route of travel.' "

In *Rebert v. Eline,* 21 Pa. Co. Ct. Rep. 431, it is said in the syllabus: "Where there are two usually traveled routes between residence of witness and county seat, one by rail and the other by turnpike, and of different length, mileage should be taxed according to the route traveled." The body of the opinion fully sustains the syllabus. In that case the distance was 10 miles by the wagon road and 24 miles by the railroad. Mileage was taxed by the railroad route because the witness came that way.

In *Commonwealth v. Heiges,* 4 Pa. Dist. Rep. 184, it is said in the syllabus: "Mileage will be allowed by the route usually traveled by persons attending court. And an allowance is proper where a longer but quicker route by rail is selected in preference to a stage route shorter by actual distance, but longer in time." In that case mileage was computed by the longer route, although it exceeded the other by 54 miles, but it was shorter in point of time.

The stipulation fails to show any public conveyance or means of travel by the shorter route. Without attempting to lay down a general rule which shall determine every case, we feel called upon to affirm the judgment of the

court below. In this case it seems to be right and to be supported by the facts.

AFFIRMED.