## COUNTY OF MARSHALL v. A. S. ROKKE.[1]

November 3, 1916.

Nos. 20,049—(174).

**County — mileage for distance necessarily traveled.**
   A county commissioner in attending board meetings is entitled to compute mileage for the distance "necessarily traveled" by the usual traveled route from the place of residence to the county seat.

Action in the district court for Marshall county to recover $67.20 excess mileage collected by defendant while county commissioner. The case was tried before Watts, J., who made findings and ordered judgment for plaintiff in the sum of $50.40. From the judgment entered pursuant to the order, defendant appealed. Reversed.

*Stanton & Rowberg,* for appellant.

*A. N. Eckstrom,* for respondent.

HOLT, J.

Section 685, G. S. 1913, in fixing the compensation of county commissioners, provides that, in addition to a *per diem,* they "shall also be entitled to mileage of ten cents per mile each way for every mile necessarily traveled for attending meetings of the board, not to exceed twelve meetings in any one year." From and including September, 1913, to and including October, 1914, defendant was county commissioner of Marshall county, Minnesota, and, as such, traveled from his home to the county seat once in each month, except the month of August, to attend meetings of the county board. The distance from his home to the county seat by the public highway is 30 miles; the distance from his home to the nearest railway station is 8½ miles and thence by rail to the county seat is 50 miles. He collected from the county mileage for each trip on the basis of 116 miles travel. This action is brought to compel him to pay back the mileage collected in excess of 60 miles for each meeting. The court

1 Reported in 159 N. W. 791.

held that defendant necessarily traveled 116 miles to attend each of the meetings held in January, February and March, 914, but that to attend each of the other nine meetings he necessarily traveled 60 miles only, and gave judgment accordingly against defendant, from which he appeals.

Defendant did travel 116 miles each trip. It is so found, and also that in traveling by train he necessarily must travel that distance in going to and returning from each board meeting. The court further found that this was not the distance necessarily traveled nine out of the twelve trips, but that for such nine trips the necessarily traveled distance should have been no more than 60 miles each trip. This last finding is challenged by the assignments of error.

In our opinion the finding cannot be sustained. The distance from defendant's home to the county seat by way of the highway is entirely too great to expect persons to walk it. There is no public conveyance to be had by any nearer route than the one by train. The testimony is quite conclusive that the usual route for persons, living in the vicinity of defendant, to take in going to and from Warren, the county seat, is the one he traveled and collected mileage for. The highway referred to is not of the best. The trial court describes it in this manner: "It appears that the road goes through a sparsely settled region in a large part of its course and in considerable parts is very little traveled and sometimes in winter much drifted and in case of storm may be dangerous to travel." The word "necessarily" as used in this statute should not be construed to limit the mileage to the shortest possible open route between the two points, unless this be a usually traveled route. The court in Board of Commrs. v. Pressley, 81 Ind. 361, passing upon the question of mileage for distance "necessarily traveled," said: "We do not dissent from the proposition that the word 'necessary' is frequently used in the law, as indeed we think it is used in this law, in a less restrictive sense than absolutely necessary." In Chicago, I. & L. Ry. Co. v. Baugh, 175 Ind. 419, 94 N. E. 571, it is said: "The word 'necessary' has not a fixed meaning or character peculiar to itself, but is flexible and relative. * * * It may mean something which in order to accomplish a given object cannot be dispensed with, or it may mean something reasonably useful and proper." From the earliest times in this state jurors were allowed mileage for the miles traveled "by the most usual route." In the statutes of 1878 we find

the words cited changed to: "computed by the usual traveled route." This is still the reading in sections 5778 and 5779, G. S. 1913. There are now more than twenty different sections in our code allowing mileage to various persons for travel in performance of duties imposed by law. In some sections it reads for miles "traveled," in others for "necessary travel," or for miles "actually traveled," or, as we have it here, for miles "necessarily traveled." We think these various sections provide mileage upon one and the same basis, and that is the one defined in the earliest statutes upon the subject as found in the provisions in respect to mileage for jurors, viz: "the most usual route," or "computed by the usual traveled route." It is reasonable to suppose that with this direction how to determine mileage already upon the statute books, subsequent enactments allowing mileage were made with the intention that the mode already in existence of computing the same should govern, unless the language or purpose of the act itself otherwise directs. If the route actually traveled by a county commissioner, in going from his residence to the county seat to attend a meeting of the county board, is the route usually traveled by persons in the vicinity of his residence in going to the same place, then the length of that route fixes the mileage. The ordinary or usual mode and route of travel taken by persons generally ought to be a safe guide for an officer to follow. The ordinary mode of travel and the usual route of travel in this instance was made the one defendant availed himself of and upon which he collected mileage. This we think the law permits.

An Iowa statute provided that mileage should be computed by "the most direct route of travel." In Maynard v. Cedar County, 51 Iowa, 430, 1 N. W. 701, where it was contended that the route between the two points should have been along a highway 35 miles and not by rail which was 64 miles, the court said: "No public conveyance runs by the highway. Those who travel between these towns by public conveyance must take the railway. It is to be regarded, therefore, as 'the most direct route of travel.'"

In Blair v. Sheridan County, 94 Neb. 124, 142 N. W. 693, the statute gave mileage "for each mile necessarily traveled" and the court sustained a recovery for the railroad route of 131 miles in preference to the highway route of 70 miles, it appearing that the former was the one generally traveled.

Moreover, seasons ought not to determine the mileage, unless the "usual

traveled route" changes with the seasons. There was no evidence to that effect here. If defendant necessarily traveled 116 miles in winter, he necessarily had to travel the same distance in summer if he went by the route ordinarily taken unless he actually did travel a shorter route, for the distance necessarily traveled cannot exceed the distance actually traveled on each trip.

The judgment is reversed, and the cause remanded with direction to amend the findings and conclusion of law in harmony with this opinion.