## No. 29,499.

JOHN P. WIRE, Sheriff of Edwards County, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EDWARDS, *Appellee*.

(293 Pac. 753.)

Opinion filed December 6, 1930.

*A. L. Moffat,* of Kinsley, for the appellant.
*John A. Etling,* of Kinsley, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an action for a declaratory judgment which had its inception in a disagreement between the sheriff, plaintiff, and the board of county commissioners, defendant, touching the correct amount of compensation due the sheriff for expenses for mileage "actually and necessarily traveled" by him in serving tax warrants.

The pertinent statute provides:

"That in addition to the salary and amounts allowed for deputy hire, the sheriff shall be allowed for every mile actually and necessarily traveled, each way, in serving or endeavoring to serve any writ, warrant, process, order, venire, notice or tax warrant, his actual expenses, to be allowed by the county commissioners under proper vouchers therefor." (R. S. 28-107.)

The sheriff and the county board made an agreement that 12½ cents per mile would be adequate reimbursement for his actual and necessary expenses under the statute just quoted, but the litigants cannot agree upon the proper method of computing the mileage. To illustrate the question at issue, it is alleged and admitted that in August, 1929, warrants for delinquent personal property taxes against individuals residing in the cities of Belpre, Trousdale and Fellsburg were delivered to the sheriff for service. In serving these tax warrants the sheriff left Kinsley, the county seat, and went to Belpre, twenty miles from Kinsley, and served certain of the warrants on delinquent taxpayers at that place. He then continued his journey to Trousdale, twelve miles distant from Belpre and thirty miles from the county seat. Having served some warrants there, the sheriff went on to Fellsburg, eight miles from Trousdale and twenty-two miles from Kinsley. From Fellsburg the sheriff returned to the county seat. For each individual tax warrant served on delinquents in Belpre the sheriff charged the agreed expense rate of 12½ cents per mile for forty miles. For each individual tax warrant served in Trousdale he charged 12½ cents for sixty miles; and for each warrant served in Fellsburg he similarly charged the agreed expense rate for forty-four miles.

The county board refused to pay these charges, but offered to pay the agreed rate of 12½ cents per each mile actually traveled by the sheriff, that is to say, 20 miles to Belpre plus 12 miles to Trousdale plus 8 miles to Fellsburg plus 22 miles back to Kinsley. It is also alleged and agreed that in the service of the several tax

warrants the sheriff collected from each of the delinquent taxpayers the taxes and penalties and interest due from them, and in addition thereto he collected from each of them the precise sums as mileage which he seeks to charge and have allowed to him as "actual expenses" under the statute and under his contract with the county board.

The trial court ruled against the construction of the statute and contract contended for in behalf of the sheriff. Its findings read:

"That there exists a contract between the plaintiff and the defendants whereby the defendants agreed to pay the plaintiff the sum of 12½ cents per mile for each mile actually and necessarily traveled by him as sheriff of said county, in the service of any writ, warrant, precept or other process and that said contract was made with particular reference to Revised Statutes 28-107 of the state of Kansas.

"The court further finds that under the terms of said contract said plaintiff is entitled to receive from Edwards county, Kansas, the sum of 12½ [cents] per mile for each mile by him actually traveled in the service of any writ, warrant, precept or other process, and which it is necessary for him to travel in serving or attempting to serve the same, and that where said plaintiff serves more than one tax warrant upon any one trip made for such purpose, he is entitled to receive mileage only for the miles actually traveled in making such service."

Judgment was entered accordingly, and the sheriff appeals. His counsel cite a decision of the United States supreme court and another from the supreme court of South Carolina which support the construction for which he contends. (*United States v. Harmon,* 147 U. S. 268, 37 L. Ed. 164; *Green v. Anderson County,* 56 S. C. 411.) In the latter case one paragraph of the syllabus reads:

"A sheriff is entitled to mileage on magistrate's warrants as in two cases when on same trip he arrests two defendants in different cases." (Syl. ¶ 3.)

In neither of the cases just cited do we discover any peculiar language in the pertinent statutes which would justify a distinction between them and what appears to be the majority view, which was well set forth by the supreme court of Indiana in *The Board of Commissioners of Marion County v. Pressley, Sheriff,* 81 Ind. 361, where the sheriff sought to charge mileage for twice the distance from the courthouse to the homes of fifty men summoned in a special venire, aggregating 660 miles, when the actual distance traveled by him and his deputies in making service on the entire number did not exceed 200 miles. The pertinent Indiana statute provided:

"For each mile necessarily traveled in going and returning to serve process, 10 cents. . . .

"For summoning a jury of twelve men, with mileage as above, 75 cents.

"For summoning a jury of less than twelve men, 10 cents for each juror served, with mileage as above."

The court said:

"Counsel for the appellee have contended, in an argument of elaborate ingenuity, that the word 'necessarily,' in the phrase 'necessarily traveled,' must not be regarded as meaning 'actually'; that, when a single writ or process is to be served upon two or more individuals, a separate service upon each person is required, just as if he were named in a separate writ, and, though by chance found by the officer and served at the same time with another, the miles traveled to reach them were necessarily traveled to reach each of them, and consequently the double mileage is, within the letter of the law, properly chargeable; just as it would be, they say, if two writs were served at one time upon the same person." (p. 362.)

"We do not dissent from the proposition that the word 'necessary' is frequently used in the law, as indeed we think it is used in this law, 'in a less restrictive sense than absolutely necessary.' See *Mueller v. The State,* 76 Ind. 310, and *Corey v. Swagger,* 74 Ind. 211. As counsel contend, 'necessarily' is not synonymous with 'actually,' and yet we are clear that 'miles necessarily traveled' to serve process cannot properly be construed to embrace more miles that were actually traversed in order to complete the service.

"We do not mean that under this law the sheriff, upon receiving a writ or process, was bound to predetermine, with nice and mathematical accuracy, what route he should take in order to perform the command of the writ by traveling the fewest miles; nor that once started on the service he was compelled to keep going, without reference to any other consideration of duty or convenience, until all were served who could be found, before returning, in order to be entitled to his mileage for the distance actually traveled. And, on the other hand, we deem it equally clear that he was not permitted, when he had served a process on one of two or more whom he was commanded to serve, to return without reasonable excuse to the courthouse, to 'touch base' again, either actually or constructively, before proceeding to serve another who could have been reached conveniently on the same journey with less travel than would have been required in making such service at another time." (p. 364.)

The leading cases on this question are collected in an instructive note to *County of Marshall v. Rokke,* 134 Minn. 346, Ann. Cas. 1918D 934-939.

We do not overlook the fact that in collecting personal taxes under tax warrants the sheriff frequently and perhaps usually does exact a mileage charge from each delinquent taxpayer. But the sheriff turns over to the county treasurer the entire sum thus collected on

each tax warrant—principal, interest and penalty, together with the item for his mileage expenses, whether actual or constructive. No part of the amount collected goes into the sheriff's pocket as his own. On the other hand, he is entitled to reimbursement for his actual and necessary expenses .in serving or attempting to serve process on behalf of. the county whether he is successful in doing so or not.

In our view the sheriff is not entitled, under the statute and his agreement with the county board, to charge expenses for mileage which he did not actually and necessarily travel, and the judgment of the district court to that effect was correct.

The judgment is affirmed.